[Tennessee Coal, Iron & Railroad Co. v, Garrett.]

# Tennessee Coal, Iron & Railroad Co. v. Garrett.

*Action to recover Damages for Personal Injury.*

1. *Action for personal injuries; when general affirmative charge properly refused.*—In an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, or its employees, if, from the evidence, it·is open to the jury to find that there was a lack of that care on the part of the defendant or its agents in its conduct towards the plaintiff, which amounted to negligence, the general affirmative charge requested by the defendant is properly refused.

2. *Same; charge as to exercise of reasonable care.*—In an action against a mining company to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant or its employees, where the evidence shows that while the plaintiff was at work in the defendant's mine, the foreman of the defendant made a blast with dynamite and powder in the rock in the roof of the mine, for the purpose of tearing the same down, and that after such blast, the foreman directed the plaintiff to pitch the rock blown down out of the way, while the foreman was pulling the rock down from the roof, which was loosened by the blast, and there was no testimony of any effort having been made by the defendant, or its servants, to ascertain the condition of the roof after the blast was made, and before the plaintiff was put to work under it, and that while so at work, he was injured by a rock falling from the roof upon him,—a charge is properly refused which instructs the jury that if they believe the danger of the rock falling from the roof of the mine could not have been ascertained or prevented by the exercise of reasonable care, they should find a verdict for the defendant.

3. *Charge of court to jury; not necessary to repeat charges already given.*—It is not error for the court to refuse to give a charge which is a substantial duplicate or repetition of a charge already given by the court to the jury.

APPEAL from the City Court of Birmingham.
Tried before the Hon. CHARLES A. SENN.

[Tennessee Coal, Iron & Railroad Co. v. Garrett.]

This was an action brought by the appellee against the Tennessee Coal, Iron & Railroad Company to recover damages for personal injuries. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of said charges, as asked:

(4.) "If the jury believe the evidence in this case, they cannot find for plaintiff under the first count of the complaint."

. (5.) "If the jury believe the evidence in this case, they cannot find for plaintiff under the second count of the complaint."

(6.) "The court charges the jury that if they believe from the evidence that plaintiff was injured by loose rock falling .from the roof, they should then consider from the testimony whether the danger of such falling rock could have been detected or prevented by the exercise of reasonable care by defendant's agents or servants, and if the jury believe from the evidence that . plaintiff was injured by rock falling from the top, but that the danger of such falling top could not have been ascertained or prevented by the exercise of reasonable care on the part of the defendant, the jury will find for defendant."

(7.) "If the jury believe the evidence in this case, they will find a verdict for defendant."

(8.) "Unless the jury believe from the evidence that plaintiff was struck by a rock falling from the top, they cannot find a verdict for plaintiff under the second count of the complaint."

(9.) "If the jury believe from the evidence that plaintiff was injured by falling top, the court charges the jury that there is no evidence in the case tending to show that defendant could have detected or prevented the danger of such falling top by the exercise of reasonable care."

There were verdict and judgment for the plaintiff, assessing his damages at $400. The defendant made a motion for a new trial, upon the grounds that the ver-

dict was contrary to the evidence, and that the court erred in refusing to give several charges set out above. This motion for a new trial was overruled, and the defendant duly excepted.

The defendant appeals and assigns as errors the several rulings of the trial court, to which exceptions were reserved.

WALKER PERCY, for appellant.

BOWMAN, HARSH & BEDDOW, *contra*.

DOWDELL, J.—This is an action brought by the appellee, Joe Garrett, against the appellant to recover damages for personal injuries received by appellee while working as a convict, under appellant's control, in appellant's coal mine. No questions are raised on the pleadings; the refusal of the court to give certain charges requested by the defendant, the appellant here, and denying the motion for a new trial, constitute the only assignments of error. The complaint contained two counts. In the first count, after stating the place, and the way in which plaintiff was hurt, which was by "a rock or a part of the roof of said mine" falling upon him, the negligence of the defendant is averred as follows: "Plaintiff alleges that said rock or a part of the roof of said mine fell upon him, and he suffered said injuries and damage by reason and as a promixate consequence of the negligence of the defendant in or about causing or allowing said rock or the part of said roof of said mine to fall upon plaintiff as aforesaid." The second count, adopting the narative facts of the first, averred the negligence to consist in that the "defendant negligently caused plaintiff to be engaged in or about its business under or nearly under said rock, or the part of said roof which fell as aforesaid, while same was in danger of falling upon plaintiff as aforesaid."

The general issue was pleaded, and the questions presented are to be considered solely with reference to this plea.

There was evidence that tended to show that the plaintiff while working as a convict for the defendant in one of its coal mines in Jefferson county, had his hand crushed by a falling rock from the roof of the mine; that just before the accident, one Hilliard Harris, who was at the time acting as the foreman of the "gang," made a blast with dynamite and powder in the rock in the roof, for the purpose of tearing down the same in order to give more distance overhead; that the shot or blast blew down the rock or slate of the roof all the way across the slope, which was about fifteen feet wide; that after the shot was made, Harris called the plaintiff back "to go to pitching the rock up out in the 'gob,' 'walling up the slope'," and while the plaintiff was so engaged in picking up the rock which had been knocked down, the said Harris was "pulling down" rock. This was in the "entry" which had been made, and from which coal had been taken on one side of the slope, and where the rock which had been knocked down was being thrown to make a wall on the side of the slope. From this tendency of the evidence it was open to the jury to infer that as a result of the shot or blast in the roof which shattered the rock all the way across the slope, all of the rock so shattered, had not been knocked down from the roof, when the plaintiff was put to work to pick up the loose rock which had fallen, and that this was known to the sub-boss Harris, who was engaged in "pulling down" loose rock, when he put the plaintiff to work in picking up the rock which had been shot down. If such were the facts, and it was open to the jury to so find from the tendencies of the evidence, there was a lack of that care on the part of the defendant, or its agents, in its conduct towards the plaintiff, which amounted to negligence. We, therefore, think, the court committed no error in refusing the affirmative charge, which was asked by the defendant as to both counts, and properly submitted the question to the jury. While there was evidence tending to show that the plaintiff was hurt by a rock falling from the roof of the mine, and which in connection with other evidence in the case was sufficient to authorize the presumption of negligence on the part of

the defendant, there was no testimony of any effort having been made by the defendant or its servants to ascertain the condition of the roof after the shot was made, and before calling and putting the plaintiff to work under it; therefore, there was no testimony from which the jury could determine that the danger of falling rock could not have been detected by the exercise of reasonable care by the defendant. For this reason, if no other, charge No. 6, requested by the defendant, was properly refused. What we have already said above is sufficient to show that the charge No. 9, requested by the defendant, was also properly refused.

Written charge No. 8 refused to the defendant is a substantial duplicate of the second charge copied in the record among the charges given at the request of the defendant, and, therefore, the court committed no reversible error in refusing this charge. We have carefully examined the evidence and we cannot say that the court erred in overruling the motion for a new trial.

The judgment appealed from will be affirmed.