# Robinson Mining Co. *v.* Tolbert.

*Action by Employe against Employer for Damages for Personal Injuries.*

[Decided Nov. 19th, 1901.]

1. *Employer and employe; pleading negligence of superintendent in failing to give warning of explosive.*—In an action by an employe against his employer to recover damages for personal injuries alleged to have been caused by an explosion of dynamite at or near the place at which

[Robinson Mining Co. v. Tolbert.]

he was at work, a complaint which alleges that said injuries resulted "as a proximate consequence of the negligence of one F., in the service or employment of defendant and entrusted by defendant with superintendence, whilst in the exercise of such superintendence, in failing to warn or notify plaintiff of the presence of said explosive at or near the place where' plaintiff was at work," is not demurrable for failure to allege that said F. knew of the presence of said explosive at said place.

2. *Same; pleading and proof.*—Under said count it was only necessary to prove that defendant knew, or was in position, by the exercise of reasonably prudent care, to know of the presence of such explosive at said place.

3. *Employer, duty of to warn employe of perils of service.*—It is the employer's duty to warn the employe of latent dangers, of which he has knowledge, or is presumed to know, and of which the servant has no knowledge and where knowledge cannot be imputed to him, and also of obvious dangers, which the servant is not presumed to appreciate or understand.

4. *Action by employe for negligence of employer's superintendent; superintendent's want of knowledge of danger, as defense.* In an action by an employe for personal injuries alleged to have been caused by the negligence of defendant's employe, to whom superintendence was entrusted, in failing to give warning to the plaintiff, an inexperienced man, of the presence of a dangerous explosive near his place of work, the superintendent's ignorance of the existence of the danger is no defense, where he did not exercise reasonable diligence to ascertain the presence of the danger.

5. *Employer and employe; general charge.*—Where plaintiff, in the two counts of his complaint, ascribes his injuries to negligence on the part of an employe having superintendence whilst in the exercise of such superintendence, (1st) in "negligently causing or allowing a large quantity of explosive to be at or near where plaintiff was at work and in danger of being exploded and injuring plaintiff," and (2nd) "in negligently failing to warn or notify plaintiff of the presence of said explosive," and the trial is had on issue joined on pleas of not guilty and contributory negligence, the defendant is not entitled to the general affirmative charge, where there is evidence tending to show that the superintendent, although ignorant of plaintiff's danger, did not exercise reasonable diligence to ascertain the presence of the danger, and where the plaintiff was inexperienced in the work he was doing and had not been informed that the holes he was drilling had been previously drilled and loaded with dynamite.

APPEAL from Jefferson Circuit Court.

Tried before Hon. A. A. COLEMAN.

The plaintiff, Samuel Tolbert, sought to recover against his employer, appellant, for personal injuries alleged to have been caused by the negligence of one Frierson, in defendant's employment and entrusted by it with superintendence, while in the exercise of such superintendence. There were several counts in the complaint, all of which, except the second and third, were removed from the case by rulings upon pleadings or charges given at defendant's request. The second count ascribed the injuries to Freirson's negligence in "negligently causing or allowing a large quantity of high explosive to be at or near where plaintiff was at work and in danger of being exploded and injuring plaintiff." The averments of the third count and the grounds of demurrer thereto are shown by the opinion.

This demurrer having been overruled, defendant interposed the plea of not guilty, and two special pleas of contributory negligence upon which issue was joined. The opinion sets out the evidence in the case. The defendant requested the following special written charges, which the court refused, namely: (1.) "The court charges the jury that if they believe the evidence in this case, they must find a verdict for the defendant." (2.) "The court charges the jury that if they believe the evidence in this case, they cannot find a verdict for plaintiff under count numbered 2 in plaintiff's complaint." (3.) "The court charges the jury that if they believe the evidence in this case, they cannot find a verdict for plaintiff under count numbered three of plaintiff's complaint." (4.) "The court charges the jury that under the evidence in this case there is no evidence showing or tending to show that it was Frierson's duty prior to plaintiff's injury to have made any inspection or examination to ascertain the existence of unexploded shots where plaintiff was injured." (5.) "The court charges the jury that there is no evidence in this case tending to prove that Frierson knew of the existence of the unexploded shots which caused plaintiff's injury or could have ascertained its existence prior to the explosion by the exercise of reasonable care and prudence."

There were verdict and judgment for the plaintiff for $5,000; and defendant appeals, assigning as error the ruling upon said demurrer and the refusal of said charges.

WALKER PERCY, for appellant.

BOWMAN & HARSH, for appellee.—(1.) The demurrer to the third count was properly sustained.—Bailey, Master & Servant, 111, 112; *Wilson v. L. & N. R. R. Co.*, 85 Ala. 273; *City Council of Sheffield v. Harris*, 101 Ala. 565; *L. & N. R. R. Co. v. Coulton*, 86 Ala. 129; *L. & N. R. R. Co. v. Banks*, 104 Ala. 508; *L. & N. R. R. Co. v. Hawkins*, 92 Ala. 244.    (2.)   The general affirmative charges were properly refused.—*Ala. State Land Co. v. Slaton*, 120 Ala. 263; *Bromley v. B. M. R. R. Co.*, 95 Ala. 404; *Foxworth v. Brown*, 114 Ala. 303; *Henry v. McNamara*, 114 Ala. 107; *Baker v. Troy Compress Co.*, 114 Ala. 415.

HARALSON, J.—The case was tried alone on the second and third counts in the complaint, on which issue was joined, after a demurrer to the third count was overruled. The other counts were eliminated by the rulings of the court, in favor of the defendant. There were no questions raised on the introduction of evidence, and the only questions presented for review are the overruling of the defendant's demurrer to the third count, and in the refusal of the court to give the several charges requested by defendant.

The averment of negligence in the third count is, that plaintiff "received said injuries and suffered said damage as aforesaid, by reason and as a proximate consequence of the negligence of a person, to-wit, one Frierson, in the service or employment of defendant, and entrusted by defendant with superintendence, whilst in the exercise of such superintendence, to-wit, said person negligently failed to warn or notify plaintiff of the presence of the large quantity of a high explosive, at or near the place where plaintiff was at work as aforesaid, though there was present at or near the said place

30s

at which plaintiff was at work, a large quantity of a high explosive which exploded as aforesaid."

The demurrer to this count was, that "It is not alleged that the said Frierson knew of the presence of a large quantity of a high explosive at or near the place of work of the plaintiff at the time of the injury."

The plaintiff was not bound to make such an allegation in his complaint. It was only necessary to allege, in the manner done, the negligence of defendant, and prove that defendant knew, or was in position, by the exercise of reasonable prudent care, to know of the presence of the high explosive at or near the place of the injury.—*L. & N. R. Co. v. Coulton*, 86 Ala. 129; *Ib. v. Allen*, 78 Ala. 494.

It cannot be questioned that the use of dynamite is a peculiarly hazardous business, in which very great care should be taken to prevent accidents. It is very properly stated by Mr. Bailey, "It is presumed the master, or the person placed in charge of a hazardous business or department thereof is familiar with the dangers, latent or patent, ordinarily accompanying the business he had in charge." It is his duty to inform the servant of latent dangers, of which he has knowledge, or of which he is presumed to know, of which the servant has no knowledge and where no knowledge can be imputed to him, and also of obvious dangers, which the servant is not presumed to appreciate or understand. "He should inform him of the particular perils and dangers of the service."—Bailey's Master's Liability for Injuries to Servants, 109; Wood's Master & Servant, §§ 335, 354; *Holland v. Railroad Co.*, 91 Ala. 444; *L. & N. R. Co. v. Boland*, 96 Ala. 632; *Perry v. Marsh*, 25 Ala. 659. Mr. Elliott as to defects in machinery lays down the rule to be: "The general rule is that an employer is not liable to an employe for injury caused by latent defects in machinery. It is not to be understood, however, that the employer is not under a duty to exercise ordinary care in causing reasonably careful and proper inspections to be made. If the defect is one which an ordinarily careful inspection would reveal, it cannot be regarded as a latent defect within the rule which

exonerates the master from liability in cases of injuries attributable to latent defects, but a defect which reasonably careful inspection will not reveal, is a latent defect within the rule."—3 Elliott on Railroads, §§ 1275, 1348. The same rule reasonably applies in all cases of latent dangers.—*Holland v. Railroad Co., supra.*

The evidence shows that there was a large rock in the cut of the quarry where stone was being excavated.—too large to be carried out, without being crushed or blown into smaller pieces; and in this rock as in all instances where rocks were too large to be handled, a number of holes had to be drilled, as had been previously done with this rock, and loaded with dynamite with a fuse attached, with the view of blowing the same into small pieces, to be placed on what was termed a "skiff," to be hoisted up and carried out; that these drill holes were from a half to an inch and a quarter in diameter, and extended down into the rock some eighteen inches or more, and dynamite was placed in the bottom, and tamped around with mud, dirt and pieces of stone to hold the dynamite down so it would tear up the rock; that the rule was for the men who quarry the rock to drill these holes, and other men loaded them and shot them off. The plaintiff had been in the employment of defendant about six or eight days, and testified that he was raised on a farm, and had never worked in a rock quarry before that time; that he had been put to work by one of the employes, Steve Wilkins, who told him that when he found a rock and could not break it with a hammer, to drill a hole and put a charge in it and shoot it off; that the man he was working with was engaged in drilling into this rock, and told him to finish putting down the hole, while he helped another man to hook up the skiff to the hoisting cable; that he went to work on the drill hole, and made a few licks when he was blown up and injured; that his understanding was that when he drilled a hole, they would send a man to charge and shoot it off.

Frierson testified for defendant that he was superintendent at the time the plaintiff was hurt and had general charge of the place; that he hired plaintiff

[Robinson Mining Co. v. Tolbert.]

and it was his business to oversee every one working there; that Steve Wilkins was flagman, whose place was on top of the cut to signal the engineer to hoist the skiffs, and had no other duties, and no superintendence over the men working in the cut; that the cut was from 65 to 100 feet deep, and three or four hundred feet long by two hundred feet wide; that the men were working wherever there was a stone; that he had two or three charges, and it was impossible for him to see everything going on, and did not, himself, know that there were any charges in this rock. The evidence showed that the lower end of the cut was lower than any of its other parts, and the water from the cut was allowed to accumulate there and had to be pumped out; that this water had risen over the rock plaintiff was working on, and remained over it for a week or more. The rock had been previously drilled and the holes loaded with dynamite, of which fact it appears plaintiff was ignorant, not having been informed of it. There were about 15 or 20 men working in the cut at the time of the accident.

It is contended, on the one hand, that the superintendent did not know of the danger to which the plaintiff was subject at the time he was injured, and could not, therefore, be required to warn him of it. On the other, it is insisted that if he did not know of the danger, he might have known, and ought to have ascertained that there were charges in some of the rocks and in the one on which plaintiff was put to work, and when the waters from the slump of the mine had risen over these loaded rocks and remained over them for days before they were drawn off or subsided, he should not have put a new man, like plaintiff, to work on them, without any warning whatever; that as to such a man it was his duty, in the exercise of reasonable care, to have known or ascertained which rocks were charged and to have warned him against them.

The first of these contentions,—on the part of defendant,—is unsound. As a matter of law, the mere want of knowledge of the superintendent of the existence of danger to which plaintiff was exposed, was no defense

to the action, since, notwithstanding such ignorance on his part, it was open to the jury, under the evidence, to find him guilty of negligence, in that he did not exercise reasonable diligence to ascertain the presence of the danger.

Affirmed.