# Tennessee Coal, Iron & R. R. Co. v. Williamson.

### *Injury to Servant.*

Decided June 30, 1909.   Rehearing denied Dec. 16, 1909.
51 South. 144.)

1. *Master and Servant; Injury to Servant; Duty to Warn; Complaint.*—In an action for injuries to a servant based· upon subdivision 3, section 3910, Code 1907, a count alleging plaintiff's duty to conform to the orders of a superior servant, that the latter ordered him to do a certain act and failed to warn him of certain dangers in doing this, as a proximate consequence of which plaintiff was injured, but which failed to allege that the foreman knew of the danger or that plaintiff was inexperienced or needed to be warned, is demurrable as not showing a duty on the foreman to warn plaintiff of the danger.

2. *Charge of Court; Directing Verdict.*—Where the evidence tended to establish every material averment of a count of the complaint, the verdict could not be properly directed for the defendant.

3. *Same; Misleading.*—It is not reversible error to give a misleading charge where its misleading tendencies might have been cured by requesting an explanatory charge.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Giles Williamson against the Tennessee Coal, Iron & Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The pleadings sufficiently appear from the opinion. The oral charge of the court, excepted to, is as follows: "It says, further, that if men are employed in or about a plant, and the person who was put over the men, and to whose orders they are bound to conform and do conform, and one is injured by reason of his having so conformed, and that this order, such order as he may get from this man who is over him, is a negligent order, such as a reasonably careful man would not have given, that constitutes negligence, and if the

[Tennessee Coal, Iron & R. R. Company v. Williamson.]

employe suffers injury by reason of such negligence, and as a proximate consequence thereof, the company would be liable, unless there is a neglect of duty also imposed upon the employe."

PERCY & BENNERS, for appellant.—The court improperly overruled demurrers to the 5th count.—*A. M. R. R. Co. v. Marcus,* 128 Ala. 355; *Robinson M. Co. v. Tolbert,* 132 Ala. 462; *Ala. S. & W. Co. v. Wrenn,* 136 Ala. 479. Counsel discuss charges refused, but without citation of authority.

FRANK S. WHITE & SONS, for appellee.—The 5th count was good as against every demurrer leveled at it.—*Glass v. M. & C.,* 94 Ala. 588; *Russell v. Huntsville R. L. & P. Co.,* 137 Ala. 631; *Bir. R. L. & P. Co. v. Ryan,* 41 South. 618; *Woodward I. Co. v. Andrews,* 114 Ala. 256; *Moss v. Mosely,* 148 Ala. 148; *Southern Ry. v. Wilson,* 138 Ala. 510. The court properly denied the affirmative charge to defendant.—*Worthington v. Goforth,* 124 Ala. 656; *Ala. S. & W. Co. v. Wrenn,* 136 Ala. 479.

MAYFIELD, J.—The fifth count of the complaint was under the 3d subdivision of the employer's liability act (Code 1896, § 1749), and was based upon the following alleged negligence: "The plaintiff avers that his said injuries were proximately caused by reason of the negligence of some person in the service or employment of the defendant whose name was Lewis Myers, to whose orders and directions the plaintiff at the time of his injuries was bound to conform and did conform, and said injuries occurred or resulted from his having so conformed, and that the said negligence consisted in this: The said Lewis Myers ordered plaintiff to chain

certain cobbles to a crane and failed to warn plaintiff of the danger caused by the emission of sparks from said hot steel rail, which was being sawed, as aforesaid, and as a proximate consequence thereof plaintiff was injured as aforesaid." A demurrer was interposed to this count, and overruled.

It is earnestly insisted that the count is bad: (1) In that it fails to show a duty on the part of Myers to warn plaintiff; and (2) in that it fails to allege plaintiff's ignorance of the danger, or to show a duty to warn plaintiff. The negligence complained of consisted in this: That "Myers ordered plaintiff," etc., The count fails to show any duty on the part of Myers to warn plaintiff, in that it fails to aver that Myers knew of the danger, or that plaintiff was inexperienced or was in need of any warning, and was therefore subject to the demurrer interposed.

There was evidence in the case from which the jury might infer every material fact alleged in the fifth count. Consequently the court properly declined to give the affirmative charge as to this count.—*Garrett's Case,* 140 Ala. 563, 37 South. 355; *Holmes' Case,* 140 Ala. 208, 37 South. 338; *Mouton's Case,* 128 Ala. 539, 29 South. 602.

That part of the oral charge as to which an exception is reserved, standing alone and disconnected from the other parts of said charge, may be subject to some of the criticisms urged against it by counsel for appellant; but taken in connection with all the other parts, and read in the light of its text, it is not erroneous in such sense as to work a reversal. The oral charge of the court (of which this is a part), considered as a whole, appears to be a correct exposition of the law applicable to the case on trial. The court was not referring to the particular case on trial, nor to the evi-

dence in the particular case, but was. stating. to the jury in general terms the law which fixed the liabilities and duties of the master and the servant, both at common law and under the statute. The particular part excepted to had reference to the third subdivision of the employer's liability act. Some parts of it were abstract, and were evidently so intended by the trial court. Had such parts been applied to the specific case on trial, the charge would probably have been misleading. Upon objection to the charge on this ground, it could have been corrected, at request of either party, by explanatory charges counteracting the supposed misleading tendency; but such objections to charges or instructions given are never available as reversible error, if the charges or portions excepted to could and should have been cured by explanatory charges requested by the parties.—*Winter's Case,* 123 Ala. 1, 26 South. 949; *Daniel v. Bradford,* 132 Ala. 262, 31 South. 455; *Decatur Co. v. Mehaffey,* 128 Ala. 242, 29 South. 646.

The judgment of the trial court is reversed, and the cause is remanded. All the Justices concur.

