# Republic Iron & Steel Company *v.* Williams.

*Damage for Injury to Servant.*

(Decided May 12, 1911. 53 South. 76.)

1. *Negligence; Pleading; Requisite.*—A complaint for injuries on account of negligence must show a relation between the parties out of which arose a duty from one to the other.

2. *Master and Servant; Co-employe's Negligence; Pleading; Requisite.*—A master's liability to his employee for the negligence of a co-employee is not general but arises only under the special circumstances designated by statute, and a complaint based thereon must show a right to recover under the statute.

3. *Same.*—Complaint by an employee against an employer which alleges common employment of plaintiff and his negligent co-employee; that both were in the discharge of their duty in repairing the furnace of their employer when plaintiff went into the furnace where acid gas or liquid dripped into his eye causing the damage, as a proximate cause of the negligence of the co-employee whose orders plaintiff was bound to and did obey, and whose name was unknown to plaintiff; that plaintiff's injuries proximately resulted from having so conformed and that such co-employee negligently ordered plaintiff to go into the furnace without properly warning him as to the gas or liquid, was not subject to demurrer, as failing to show that the co-employee knew the gas or liquid was dangerous, or that he was bound to warn the plaintiff, or that his orders to plaintiff were negligent.

4. *Same; Order to Employee.*—As affecting liability for an employee's injury, while executing an order, it is not necessary that the order be in set words, but may be inferred from any words or actions reasonably justifying an inference of such order.

5. *Master and Servant; Injury to Servant; Instructions.*—Where the action was for injury to an employee caused by acid gas or liquid dripping into his eyes while in a furnace, charges asserting that the foreman was not negligent in failing to warn plaintiff as to the

gas or liquid unless he knew or could have known of the danger and that plaintiff must not have known of the danger, assumed that the foreman, having authority to give orders but not superintend, might instruct the plaintiff and place the burden on him to show the foreman's negligence in that particular, and was, therefore, properly refused.

6. *Same.*—In an action for injury to an employee while in a furnace a charge asserting that the plaintiff had no duties inside the furnace, and that he could not recover unless his foreman ordered him inside, was properly refused as misleading.

(Mayfield, J., dissents.)

APEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by William Williams, an employee, against the Republic Iron & Steel Company for damages. Judgment for plaintiff, and defendant appeals. Affirmed.

The substance of the complaint is sufficiently set out in the opinion, as are the facts in this case. The following charges were refused to the defendant: (6) "The court charges the jury that you cannot find for the plaintiff under the second count of this complaint, unless he has reasonably satisfied you from the testimony that his foreman negligently failed to warn him of the danger on account of the dropping of the liquid; and before you can conclude that the foreman was negligent in failing to warn the plaintiff in such regard, the plaintiff must reasonably satisfy you by the evidence that the foreman knew or should have known of the danger on account of such dropping liquid, and that the plaintiff himself did not know of the danger of such dropping liquid." (9) "The court charges the jury that you cannot find for the plaintiff under the second count of this complaint unless he has reasonably satisfied you from the testimony that his foreman negligently ordered him to go into the furnace, and negligently failed to warn him of the danger on account of the dropping of the liquid; and before you can conclude that the foreman was negligent in failing to warn the plaintiff in

[Republic Iron & Steel Company v. Williams.]

such regard, the plaintiff must reasonably satisfy you by the evidence that the foreman knew or should have known of the danger on account of such dropping liquid, and that the plaintiff himself did not know of the danger of such dropping liquid, and that the foreman knew or should have known that the plaintiff did not know of such danger on account of the dropping of such liquid." (7) "The court charges the jury that under the evidence in this case the plaintiff's place of work was on the outside of the furnace, and he had no business or duties that required him to be on the inside of the furnace; and unless he has reasonably satisfied you by the evidence that Mr. Spark ordered him to go into the furnace, and he went in in obedience to such order, he is not entitled to recover.

PERCY, BENNERS & BURR, for appellant. The court erred in overruling demurrers to count 2.—26 Cyc. 1393; 1 LeB. M. & S. 525; *Horan v. G. & D. Hdw. Co.*, 48 South. 1029; *Al. C. O. & I. Co. v. Hanna*, 47 South. 248; *Bear Creek Mill Co. v. Parker*, 134 Ala. 300; *Johnson v. B. R. L. & P. Co.*, 149 Ala. 533; *L. & N. v. Wilson*, 50 South. 190; *B. O. & M. Co. v. Groover*, 48 South. 684; *Decatur C. W. Co. v. Mehaffey*, 128 Ala. 242. On these authorities the court erred in refusing the charges requested by the defendant.

BOWMAN, HARSH & BEDDOW, for appellee. The court properly overruled demurrers to count 2.—Sec. 5321, Code 1907; *Postal T. Co. v. Hulsey*, 132 Ala. 444; *Robinson M. Co. v. Tolbert*, 132 Ala. 465; *Sloss-S. S. & I. Co. v. Green*, 49 South. 302; *Bessemer L. & I. Co. v. Campbell*, 121 Ala. 50; *Al. G. S. v. Davis*, 119 Ala. 572. It is sufficient to aver that one representing the master gave a negligent order without stating the quo 'modo

·of the negligence.—*So. Ry. v. Burgess,* 143 Ala. 364; *Armstrong v. Mont. St. Ry.,* 123 Ala. 233; *C. of Ga. v. Foshee,* 125 Ala. 199; *Bear Creek M. Co. v. Parker,* 134 Ala. 296. On these authorities it is insisted that the ·court properly refused the charges requested by the defendant.

SAYRE, J.—It is entirely clear that the second ·count of the complaint is framed under subdivision 3 of the employer's liability act (section 3910 of the Code). After stating the common employment of plaintiff and the employee of whose negligence he complains, and that both were acting in the discharge of ·duty under their employment in or about repairing a furnace ·of the defendant employer, the count avers that plaintiff went into the furnace where an acid gas or liquid dripped into his eye causing damage. The count proceeds: "Plaintiff further avers that he suffered said injuries and ·damage, as aforesaid, by reason and as a proximate consequence of the negligence of a person in the service or employment of defendant, to whose orders or directions plaintiff at the time of the injury was bound to ·conform, and did conform, and said injuries proximately resulted from his having so conformed, viz., said person, whose name is unknown to plaintiff, negligently ·ordered or directed plaintiff to go into said furnace without properly and sufficiently warning or informing plaintiff as to said gas or liquid." The demurrer takes the points, among others, that it does not appear that the person giving the alleged negligent order knew that there was any danger from the gas or liquid; nor that the person giving the order was under any duty to warn the plaintiff of the danger; nor that the order given was a negligent order.

If the concluding words, "without properly and sufficiently warning or informing plaintiff as to said gas or liquid," had been omitted, the sufficiency of the count would need to be conceded on the authority of *Mobile & Ohio v. George,* 94 Ala. 199, 10 South. 145, nor is the concession grudgingly made as doubting the wisdom of the rule, established by legislative authority, and a long line of decisions by this court, which allows great generality of averment in complaints, nor as doubting the strict analogy, if not direct authority, of the case to which particular reference has been made. In *Robinson Mining Co. v. Tolbert,* 132 Ala. 462, 31 South. 519, the third count of the complaint was framed under the second subdivision of the act which affords the employee a remedy for injury caused by the negligence of a co-employee having superintendence intrusted to him. The averment of the count was that the plaintiff suffered injury "as a proximate consequence of the negligence of a person, to wit, one Frierson, in the service or employment of defendant, and intrusted by defendant with superintendence, whilst in the exercise of such superintendence, to wit, said person negligently failed to warn or notify plaintiff of the presence of a large quantity of a high explosive, at or near the place where plaintiff was at work as aforesaid, though there was present at or near the said place at which plaintiff was at work, a large quantity of a high explosive which exploded as aforesaid." The demurrer was that it was not alleged that Frierson knew of the presence of the explosive. The ruling was that plaintiff was not bound to make such an allegation; that the general allegation of negligence was sufficient; but, it was added that proof must be made that defendant knew, or was in position, by the exercise of reasonable care, to know, of the presence of the explosive. In *Alabama Company v. Ham-*

*mond,* 156 Ala. 253, 47 South. 248, a count under the third subdivision averred that "the negligence complained of consisted in this: That Varnon (who was a co-employee with authority to order or direct) negligently directed plaintiff's intestate to shovel dirt and rock from a bench on a wall, where there was a rock in such position that it was liable to fall upon plaintiff's intestate and injure him; that the fact that said rock was in such a position that it was liable to fall and injure plaintiff's intestate was known to said Varnon, or by the exercise of due diligence should have been known to him," and more than that does not affect the question at issue. It was said to be "entirely clear that unless superintendence of the place was committed to Varnon, as well as the authorization to give the order complained of, no duty rested upon him to ascertain its safety. Non constat the maintenance of its safety was committed to another, and, if it was, Varnon (in the absence of knowledge or notice of its unsafe condition) had the right to assume that it was safe, and was under no duty to exercise due care in ascertaining its condition. Indeed, on the averments of the count, unless Varnon knew or had reason to believe that the rock was liable to fall, the giving of the order could not have been negligent"; and it was held that the demurrer should have been sustained. In the recent case of *Tenn. C. I. & R. R. Co. v. Williamson,* 164 Ala. 54, 51 South. 144, a count charged that plaintiff's injuries were caused by the negligence of one Myers to whose order he was bound to conform, etc., "and that the said negligence consisted in this: The said Myers ordered plaintiff to chain certain cables to a crane and failed to warn plaintiff of the danger caused by the emission of sparks from the said hot steel rail which was being sawed as aforesaid." This court held that "the count fails to show any

duty on the part of Myers to warn plaintiff in that it fails to aver that Myers knew of danger or that plaintiff was inexperienced or was in need of warning, and was therefore subject to the demurrer interposed." We have thus set out these cases for the reason that it is supposed that they ought to control the decision in this case, and because learned counsel differ as to their meaning and application. Other cases cited will be referred to presently.

Every complaint for negligence must show a relation between the parties out of which arises a duty owing from the defendant to the plaintiff. Extremest advocates of the modern practice of general and informal allegation in complaints have not yet denied the necessity of averring such a relation. That much shown, we have a long line of cases running back to *Leach v. Bush,* 57 Ala. 145, which hold that an averment that the defendant negligently failed to do and perform the act imposed by duty sufficiently states a cause of complaint. *Mobile & Ohio v. George, supra,* is one of them. The liability of an employer to an employee for the negligence of his co-employee not being general, but obtaining only under the special circumstances designated by the statute, a complaint under the statute must of course show circumstances under which the statute authorizes a recovery. And it has been ruled, not without due regard, as we think, for the line of cases referred to and the statute permitting all pleadings to be as brief as is consistent with perspicuity and the presentation of facts in an intelligible form—it has been ruled that a complaint under the employer's liability act may state conclusions, but conclusions when employed must ordinarily be accompanied with averments of fact whereon issues can be understood, joined, and tried.—*Louisville & Nashville v. Jones,* 130 Ala. 456, 30 South. 586. And

the general statute on the subject of pleadings requires that facts must be so presented that a material issue in law or fact can be taken by the adverse party.—Code § 5321. And in the case last cited it was held that a complaint based on a defect in the ways, works, or machinery of the employer should describe the defect with such particularity as to inform the defendant of what he is called on to defend.

Complaints in tort for negligence are much dependent upon the use of the word "negligently." Without regard to the policy of brevity, it would be difficult in many cases to draw a complaint without the use of this word, and where from all the facts that could be stated it would remain for the jury to draw the inference of negligence vel non, the pleader must of necessity draw the inference in stating his case. Accordingly, in glancing over the precedents of complaints in negligence set out in Chitty on Pleading—if we may for a moment look that far back—it is seen that the word is used in nearly every case. This cannot be attributed to inadvertence or mere coincidence, for those precedents were framed at a time when care was required in the preparation of pleadings. We do not for a moment suppose the word to be essential in every case, nor that it may not be ineffectively and inaptly used, but plainly it covers a multitude of omissions and is exceedingly useful.

Appellant contends that the count here in question is bad on the authority of *Birmingham Ore & Mining Co. v. Grover*, 159 Ala. 276, 48 South. 682, and *Johnson v. Birmingham Ry., L. & P. Co.*, 149 Ala. 533, 43 South. 33, which cases proceeded upon the principle that where a complaint in general terms avers negligence, and then avers the particular act or acts constituting the negligence, its sufficiency must be tested by the particular al-

legation, although the general allegation would, in the absence of the special, sufficiently state a case of negligence. Without undue refinement, but with due regard for the logic and meaning of the language used, as we think, it must be observed that in those cases the specific acts alleged, not in themselves constituting negligence, nor characterized by the pleader as negligently done, are set over against or in apposition to a general charge of negligence. The meaning of the notice directed to the defendant in each case was: These are the things you have done, and they, without more, constitute the negligence for which I expect to recover. But the equations thus stated were found to be untrue on consideration of the specified facts, and the complaints were properly condemned. Such is not the case here. The pleader shows a duty, and its breach in that defendant's employee, having authority to command, negligently ordered or directed plaintiff to go into the furnace, and the real meaning of appellant's insistence is that when the plaintiff, after having sufficiently stated a cause of action in general terms, went further and characterized the order as negligent because given without warning to plaintiff of the danger into which it sent him, the complainant is to be judged upon consideration of the last averment only. To this we cannot assent, nor do we understand that there is any authority of adjudicated cases to sustain the position. *Robinson Mining Co. v. Tolbert, supra,* is in line with what has been said. Nor is anything to the contrary held in *Bear Creek Mill Co. v. Parker,* 134 Ala. 293, 32 South. 700, cited by appellant. Nor was anything to the contrary involved in the decision of *Decatur Car Wheel Co. v. Mehaffey,* 128 Ala. 242, 29 South. 646. *Tenn. C., I. & R. R. Co. v. Williamson,* was in line with *Birmingham Ore*

& *Mining Co. v. Grover,* and *Johnson v. Birmingham Ry. L. & P. Co., supra.*

In *Louisville* & *Nashville v. Wilson,* 162 Ala. 588, 50 South. 188, cited by appellant, and doubted by the appellee, count 2 of the complaint ascribed plaintiff's injury to the negligence of the defendant's superintendent, who, it was alleged, had superintendence over plaintiff, in that he "negligently failed to properly and sufficiently warn or instruct plaintiff of the danger to him in or about working at or with said machine (a bolt-cutting machine), though, by reason of the youth and inexperience of plaintiff, it was dangerous for him to work at or with said machine without proper and sufficient warning or instruction as to the danger thereof, and though plaintiff in said service or employment was working at or with said machine." This court ruled that the count was defective for the reason that it failed to aver knowledge on the part of the master, or of the master's superintendent, that plaintiff was inexperienced. The case is not out of harmony with what has been said nor with the other cases referred to. The plaintiff there relied upon the duty of the master, or his master's superintendent, to warn or instruct him. Without the allegation of a relation between plaintiff and defendant out of which a duty to warn or instruct arose the averment that the defendant's superintendent negligently failed to warn or instruct was innocuous to the defendant. Plaintiff was counting upon an injury produced by a cause constituting an ordinary danger of the master's business. For the protection of other employees it was the duty of the master to exercise due care to ascertain the servant's incompetency, and, if the service involved special knowledge or experience, to employ a servant of knowledge and experience.— *Holland v. Tenn. C., I. & R. R. Co.,* 91 Ala. 444, 8 South.

524, 12 L. R. A. 232. To the plaintiff himself the master owed only the duty to warn him of dangers concealed, or as the employee may not have been deemed to foresee, in the exercise of ordinary prudence, as necessarily incident to the service in which he engaged, or were not open to a person of ordinary experience and observation. Something may have been properly left to the instinct of self-preservation, and to the exercise of the ordinary faculties which every man should use when his safety is known to be involved.—1 Labatt, Master & Servant, § 238, note 1. The duty of the superintendent was just what the duty of the common employer was in respect to giving warning and instruction. So, the plaintiff in that case was complaining, not of the breach of a duty arising out of the mere relation of master and servant, but of the breach of a duty arising out of that relation only in the event the servant was known to the master to be inexperienced. And the point of the decision was that the necessary relation was not shown. *The case of Horan v. Gray & Dudley Hardware Co.,* 159 Ala. 159, 48 South. 1029, as we read it, proceeded in a like conclusion on exactly the same considerations.

We recur now to *Alabama Company v. Hammond, supra.* The second count in that case, the first considered by the court, proceeded upon alternative hypotheses: One was that the danger of the situation into which plaintiff's intestate was ordered to go was known to Varnon, to whom was committed the authority to order or direct; the other was that Varnon, by the exercise of due diligence, should have known the danger. The entire drift of the opinion goes to show that the learned Chief Justice, who spoke for the court in that case, had in mind the count as affected by the second alternative when he pronounced it bad. It was competent for the plaintiff to aver that Varnon knew of the dan-

ger, although that had been already averred in the general conclusion that he negligently directed, etc.; but when plaintiff averred that Varnon ought to have known, the averment imposed upon the latter, if he had only authority to give orders, a duty to know which under the law did not arise out of his authority to give orders, so that under the count the plaintiff might have recovered as for the negligence of Varnon without showing his actual knowledge of the danger. But it was necessary to prove that Varnon knew. And the conclusion, as we read it, was that the count was defective in the second alternative aspect, and in that there is nothing at outs with the line of argument we have followed.

Mr. Labatt, where, on page 525 of the first volume of his work on Master and Servant, he lays down the facts necessary to be shown by the servant in order to maintain an action against the master on the ground of the non-performance of the duty of instruction or warning, and where he speaks of the master being chargeable with constructive knowledge of the existence of the risk, is speaking of the common-law duty of the master to the servant, the same duty that rests upon a superintendent under the statute, because superintendence involves the duty to care for others, but is not imposed upon a superior servant who merely had authority to give orders. A complaint framed under the common law is to be judged on principles different from those which must obtain in judging a complaint framed under subdivision 3 of the employer's liability act, as sufficiently appears in *Alabama Company v. Hammond;* and, however much such distinctions may seem to savor of undue refinement, they are inherent in the subject, and are not to be avoided except by breaking down the judicial function. In the case at bar the negligence counted on is negligence in giving an order by a superior servant. The knowl-

edge of the superior servant of the danger involved in the execution of the order was a condition upon which the negligence depended, but that did not involve the duty of knowing the danger or of informing the plaintiff. His duty was not to give the particular order, if in fact he knew the danger, without informing the plaintiff of it. There was no error in overruling the demurrer to the second count.

Charges 6 and 9, requested by the defendant, were properly refused. The concluding clause of each of them, construed in connection with the count to which the charges referred, in effect, assumed, or were easily susceptible of a construction which assumed, that plaintiff's superior fellow servant, having authority to give orders, but no authority to superintend, might in the line of his employment instruct plaintiff, and put the burden upon the plaintiff of proving the superior employee's negligence in that particular. But under the evidence plaintiff's superior employee, on whose negligence the plaintiff relied for a recovery, had no authority or duty to instruct. On that theory of the evidence defendant properly had the general charge on the first count which imputed plaintiff's injury to the negligence of a superintendent. The duty to instruct was not intrusted to plaintiff's superior. In the consideration of the first count defendant had the benefit of the distinction between subsections 2 and 3 of the act, the distinction being superintendence and the mere authority to give orders, by having the court to instruct the jury that the plaintiff could not impose upon his superior a duty not intrusted to him by the common master. That was the effect of the general charge for defendant under that count. Conversely, the defendant could not assume in the consideration of the second count that the superior servant had authority to instruct in order thereby

to impose upon plaintiff the burden of proving that the
superior had failed in that duty.   The superior em-
ployee, having the authority to give orders, but no au-
thority to instruct, and being aware of the danger and
that it was of such character that an employee ought to
be warned of it, his duty, to his master and his fellow
servant alike, was not to give the order.   This for the
reason that the authority and duty to instruct, in the
manner of performing which negligence may occur, was
not intrusted to the plaintiff's superior.   This distinc-
tion is inherent in the statute, and the court well ob-
served it in charging the law under the second count
as it had observed it when the general charge was given
for the defendant under the first.

Under the evidence it cannot be said that the danger
from the dripping acid was "an ordinarily usual inci-
dent·of the work which the plaintiff had undertaken."
Unquestionably, it was an abnormal danger.   The hy-
pothesis of charge three was not supported by the evi-
dence.

Charge 7, refused to the defendant, was misleading
in two respects.   It asserted that under the law and the
evidence plaintiff had no business or duties which re-
quired him to be on the inside of the furnace.   If that
referred to plaintiff's customary duties, it dealt with a
circumstance of no significance in the case, whereas, if
it referred to plaintiff's duty after the order was given,
it was clearly erroneous.   If the order was given, that
created business for the plaintiff on the inside of the
furnace.   Again, the order complained of was not in
form of an order.   The language of the foreman, accord-
ing to plaintiff's evidence, was "Ike Foster says bring
his bucket up there."   Though not in form an order, it
was for the jury to say whether, the surroundings con-
sidered, it was properly interpreted by the plaintiff as

an order to go into the furnace where Foster was. As was correctly asserted by the court in giving charge 1 at the request of the plaintiff, an order need not be in set words, but may be inferred from any words or acts, one or both, which reasonably justify an inference of such order. The charge under consideration was thus open to misconstruction in two aspects, and this defect was sensible. Error will not be imputed to the trial court in taking cognizance of it.

We find no error in the record.

Affirmed.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur. MAYFIELD, J., dissents.