# Tennessee Coal, Iron & R. R. Co. *v.* Moore.

### *Injury to Servant.*

(Decided June 3, 1915.  Rehearing denied June 30, 1915.
69 South. 540.)

1. *Master and Servant; Injury to Servant; Complaint.*—A complaint alleging that defendant operated a coal mine, that plaintiff was in its employ as a coal miner, that while so engaged rock and dirt fell upon him, and that the injury was a proximate consequence of the negligence of defendant's superintendent while entrusted with superintendence in that he negligently permitted the roof to be improperly supported, or negligently permitted plaintiff to work in a dangerous part of the mine, where rock was liable to fall, without warning him of such danger, sufficiently set up defendant's duty to plaintiff, and its violation by defendant's superintendent.

2. *Same.*—A complaint showing a relation to defendant out of which arose the duty owing from defendant to plaintiff, and averring that defendant negligently failed to do and perform such duty, sufficiently states a cause of action; it not being necessary to define the quo modo, or to specify the particular acts of diligence which should have been performed in the discharge of the duty.

3. *Same; Duty to Warn.*—A master's duty to warn, and the knowledge of the master, under the superintendent subdivision of the Employer's Liability Act is embraced in the words "negligently caused," "negligently allowed," "negligently permitted," and "negligently failed to warn."

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by D. A. Moore against the Tennessee Coal, Iron & Railroad Company, for damages for personal in-

juries received while engaged in its employment. From a judgment overruling demurrer to the second count, defendant appeals. Affirmed.

PERCY, BENNERS & BURR, for appellant.

LEADER & EWING, and BEDDOW & OBERDORFER, for appellee.

THOMAS, J.—(1, 2) This case comes up solely on the record. The error assigned is the action of the trial court in overruling the demurrer to the second count of the complaint. This count is as follows: "Plaintiff claims of the defendant $1,999 as damages, for this: That heretofore, on, to wit, September 3, 1913, defendant was engaged in the operation of a coal mine at Belle Sumter, Alabama, and on said date plaintiff was in the service or employment of the defendant in the following capacity, to wit, as a coal miner, and while engaged in the discharge of his duties as such employee a large quantity of dirt and rock fell upon or against the plaintiff, knocking him down, injuring him internally, badly injuring his face and head, knocking out his teeth, injuring his eyes, was made sick and sore, was rendered for a long time unable to work and earn money, to wit, two months, and was permanently injured, and was put to much expense for medicine and medical services in his treatment of said injuries, to wit, $25; and the plaintiff avers that his said wounds and injuries, suffering, and loss of time was the proximate consequence and caused by reason of the negligence of a certain person, to wit, Mr. Flynn, whose name is otherwise unknown to plaintiff, who was in the service or employment of defendant, and who had superintendence intrusted to him, while in the exercise of such superintendence, and

said negligence consisted in this, viz.: Said Flynn negligently permitted the top or roof of said mine to be defective, or to be improperly supported, where plaintiff was working, or negligently permitted plaintiff to work in a dangerous part of said mine, where rock was liable to fall on plaintiff, without warning or notifying plaintiff of such danger."

Appellant insists in argument that demurrer should have been sustained to this count because: "It does not appear that defendant has violated any duty which it owed plaintiff;" that "it does not appear that the superintendent charged with negligence was as a matter of law guilty of negligence;" and that "it appears as a matter of law that there was no such duty on defendant as that alleged."

In *Robinson Mining Company v. Tolbert*, 132 Ala. 462, 31 South. 519, the averment of negligence questioned by demurrer was that plaintiff "received said injuries and suffered said damages as aforesaid, by reason and as a proximate consequence of the negligence of a person, to wit, one Frierson, in the service or employment of defendant, and intrusted by defendant with superintendence, whilst in the exercise of such superintendence, to wit, said person negligently failed to warn or notify plaintiff of the presence of a large quantity of a high explosive, at or near the place where plaintiff was at work as aforesaid, though there was present, at or near the said place at which plaintiff was at work, a large quantity of a high explosive which exploded as aforesaid."

It was there held that the plaintiff was not required to allege that Frierson knew of the presence of the high explosive, and that it was sufficient to allege the negligence of the defendant, and to "prove that defendant

knew, or was in a position * * * to know, of the presence of the high explosive at or near the place of the injury." The justice writing the opinion said: "'It is presumed the master, or the person placed in charge of a hazardous business or department thereof, is familiar with the dangers, latent or patent, ordinarily accompanying the business he had in charge.' It is his duty to inform the servant of latent dangers, of which he has knowledge, or of which he is presumed to know, of which the servant has no knowledge, and where no knowledge can be imputed to him, and also of obvious dangers, which the servant is not presumed to appreciate or understand. 'He should inform him of the particular perils and dangers of the service.'

The sufficiency of the complaint in *Tolbert's Case* was again discussed, and held free from the demurrer, in *Republic Iron & Steel Co. v. Williams,* 168 Ala. 612, 53 South. 76, and in *Little Cahaba Coal Co. v. Gilbert,* 178 Ala. 515, 524, 59 South. 445. The count held sufficient in *Little Cahaba Coal Company v. Gilbert, supra,* concluded with the words: "Plaintiff avers that said part of said roof or top fell upon or against him, as aforesaid, and he suffered said injuries and damage by reason and as a proximate consequence of the negligence of a person in the service or employment of defendant, who had superintendence intrusted to him, whilst in the exercise of such superintendence, viz., one McGinnis, in the exercise of such superintendence, negligently caused or allowed said part of said roof or top to fall upon or against plaintiff on the said occasion."

The Chief Justice, writing the opinion in that case, reviewed *Robinson Mining Company v. Tolbert, supra,* and stated that the count was not subject to the ground of demurrer that it failed to "show a duty on the part

of the defendant or its superintendent to secure the roof from falling on plaintiff, and a breach of that duty, or that said superintendent had knowledge of the probable danger of the roof's falling on plaintiff, or that he could have ascertained that fact by the exercise of due care."

Our many reported cases hold that, when the complaint for negligence shows a relation between the parties out of which arises a duty owing from the defendant to the plaintiff, and it is averred that the defendant negligently failed to do and perform the act or acts imposed by that duty, a sufficient cause of action is stated. It is not necessary to define the quo modo, or to specify the particular acts of diligence which should have been performed in the discharge of the duty. What the defendant did, and how he did it, or what he failed or omitted to do, are generally better known to the defendant than to the plaintiff. Hence, in such cases, a general form of averment is sufficient.—*Leach et al v. Bush et al.,* 57 Ala. 145; *Ensley Ry. Co. v. Chewning,* 93 Ala. 24, 9 South. 458; *M. & O. R. R. Co. v. George,* 94 Ala. 199, 214, 10 South. 145; *L. & N. R. R. Co. v. Jones,* 130 Ala. 470, 30 South. 586; *Republic Iron & Steel Co. v. Williams, supra; Little Cahaba Coal Co. v. Gilbert, supra; Sloss-Sheffield Co. v. Terry,* 191 Ala. 476, 67 South. 678.

In the instant case count 2 shows the relation between the parties to have been that of master and servant, at one of the defendant's coal mines; that plaintiff was there in the service or employment of the defendant, as a coal miner, and that while so engaged in the discharge of his duty as such employee he was injured, etc.; that his injuries were the proximate consequence, were caused by reason, of the negligence of a certain Mr. Flynn, who was in the service or employment of

defendant, and who had superintendence intrusted to him; and that while in the exercise of such superintendence said Flynn negligently permitted the roof of said mine where plaintiff was working to be defective, or to be improperly supported, or negligently permitted plaintiff to work in a dangerous part of said mines, where rock was liable to fall on plaintiff, without warning or notifying plaintiff of such danger.

It will be noted that in this count there is not only a general averment of defendant's negligence in the matter of complying with the statute, but, in addition, the negligence is specifically charged and pointed out. It cannot be said that there is a substantial distinction between the averments of count 2 of the instant case, where the duty of defendant, and its negligent failure to observe and perform it, are averred in the words "negligently permitted plaintiff to work in a dangerous part of said mine where rock was liable to fall on plaintiff, without warning or notifying plaintiff or such danger," and the averment in the case of *Robinson Mining Company v. Tolbert, supra,* where the duty, and its failure, are alleged as follows: "Said person negligently failed to warn or notify plaintiff of the presence of the large quantity of a high explosive, at or near the place where plaintiff was at work as aforesaid," etc.

It was not necessary to aver that the defendant knew of such defective condition of the top or roof of the mine, because, as said in *Tolbert's Case, supra,* and in *Williams' Case, supra,* the superintendent in charge of that work was in the place of the master, and was presumed to know of the condition of the place and of the dangers of the employment; and knowing of the dangers of the place, of the defects of the top or roof of the mine, which it is alleged he negligently permitted,

he should not have then negligently permitted the plaintiff to work in such dangers and under such defective top or roof of the mine without warning.

(3) It has been held that the duty to warn, and the knowledge of the master, under the superintendent subdivision of the statute, is embraced in the words "negligently caused," "negligently allowed," "negligently permitted," and "negligently failed to warn."—*L. & N. R. R. Co. v. Jones*, 13 Ala. 456, 30 South. 586; *Little Cahaba Coal Co. v. Gilbert, supra; Robinson Mining Co. v. Tolbert, supra; Republic Co. v. Williams, supra; Sloss-Sheffield Co. v. Terry, supra.*

The failure of duty charged to the master in count 2 of the complaint before us is its negligent failure to properly support the roof, or its negligently permitting it to be and remain defective, or its negligently permitting plaintiff to work in such a dangerous place without warning him of such dangers. This was a sufficient allegation of the duty that the defendant owed to the plaintiff, and a sufficient allegation of the negligent failure of the defendant, through its superintendent, to discharge such duty to the plaintiff. The pleader having shown a duty, and its breach, in that defendant's employee, Mr. Flynn, who had superintendence intrusted to him, and while in the exercise of such superintendence, was negligent in permitting the roof of the mine where plaintiff was working to be defective, or improperly supported, and in permitting plaintiff to work in a dangerous part of said mine, where rock was liable to fall on him, without warning him of such danger, other averment is not required. As was said by Mr. Justice SAYRE in *Republic Iron & Steele Company v. Williams,* 168 Ala. 620, 53 South. 76, the complaint is not to be judged by a consideration of the last averment only.

Without deciding whether the complaint could have been successfully challenged by demurrer directed to an alternative averment of breach of duty to plaintiff by defendant and its superintendent, it is sufficient to say that no such ground of demurrer was taken. There was no error in overruling the demurrer to count 2 of the complaint. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.