[Wilson v. Gulf States Steel Company.]

# Wilson *v.* Gulf States Steel Co.

### *Injury to Servant.*

(Decided October 21, 1915.   Rehearing denied November 18, 1915.
69 South. 921.)

1. *Master and Servant; Injury to Servant; Defective Appliances.*—
Where the action was by an administrator for damages for the death
of his intestate struck by a swinging crane, a complaint under
subdivision 1, section 3910, Code 1907, which alleges that the track
upon which the crane ran was defective in that the ties were rotten,
the rails were worn and out of plumb, and that the wheels were old
and out of plumb, and that the bucket operated by the crane was
defective, was sufficient.

2. *Appeal and Error; Harmless Error; Pleading.*—Where, by
amended counts, a plaintiff has the same issues submitted to the
jury, any error in sustaining demurrers to the original count was
harmless.

3. *Master and Servant; Injury; Respondeat Superior.*—A count in
a complaint under subdivision 2, section 3910, Code 1907, alleging
that the injury was proximately caused by the negligence of some
person in the service or employment of the master who had superin-
tendence intrusted to him, was not demurrable as not showing the
superintendent's authority, nor that the superintendent knew that it
was dangerous to the employee to obey the order given.

4. *Same; Complaint.*—A count under subdivision 3, section 3910,
Code 1907, which alleges that the death of the intestate employee
was proximately caused by reason of the negligence of some person
in the employment of defendant, to whose orders the intestate was
bound to conform and did conform, and that his death resulted from
the negligent order of such person, was sufficient.

5. *Same; Contributory Negligence.*—As an answer to such an action
a plea of contributory negligence was demurrable where it failed to
allege that the intestate knew of the danger of swinging a loaded
bucket, and dropping it with a great jerk, since it could not be said
from the plea that this method of handling the bucket was dangerous.

6. *Same.*—In such an action, a plea setting up contributory negli-
gence on the part of deceased in so operating a crane as to cause it
to jerk, notwithstanding warnings not to do so, was not subject to
demurrer for failing to show knowledge of the danger.

APPEAL from Etowah Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Action by H. T. Wilson, administrator, against the
Gulf States Steel Company. Judgment for defendant,
and plaintiff appeals. Reversed and remanded.

The allegations of counts 1, 2, 3, and 4, and counts 5 and 14, sufficiently appear from the opinion. The following counts allege: (6) Plaintiff avers that the death of his said intestate was proximately caused by reason of the negligence of some person in the service or employment of defendant, to whose orders and directions at the time of his injuries plaintiff's intestate was bound to conform, and did conform, and his injuries and death resulted in his having so conformed in this, said person whose name is to plaintiff unknown did negligently order plaintiff's intestate to operate said crane upon said track.

(15) Same as 6.

(17) Plaintiff avers that the death of his intestate was proximately caused by the negligence of defendant in failing to provide said intestate a reasonably safe place in which to do his work under his employment.

Plea 2 is as follows: Plaintiff, at the time he received the injuries which resulted in his death, was operating said traveling crane on said track, and was engaged in unloading a car of coal with said crane; that as a part of said crane, and extending from it at an upward angle was a boom, on the upper end of which was suspended the bucket with which the coal was taken from said car and unloaded on the ground; that said boom swung around said crane, and it and the bucket were operated by machinery on said crane, intestate having control of the operation of said crane and machinery, operating said boom and bucket; that the proper way to operate said boom and bucket after it was filled with coal was to slowly and gradually swing it and bucket without causing it and the bucket to suddenly jerk the crane; that on the occasion when intestate received the injuries resulting in his death, in swinging said crane around

after the bucket had been loaded, he negligently swung it around with great force, and suddenly stopped it with a great jerk, and thereby causing said crane to tilt over and fall on said boom and intestate, inflicting the injuries resulting in his death.

Plea 3 is similar to plea 2, with the added allegation that intestate had been instructed, in the operation of said boom and bucket after the bucket had been filled with coal, to slowly and gradually swing the boom and bucket without causing them to suddenly jerk the crane, and warned not to swing the boom and bucket around with great force and suddenly stop them in such manner as to jerk the crane.

BONDURANT & SMITH, and GEORGE D. MOTLEY, for appellant.

HOOD & MURPHREE, for appellee.

THOMAS, J.—Plaintiff in the court below stated his cause of action in counts numbered from 1 to 18. Demurrers were sustained to counts 1, 2, 3, 4, 5, 6, 7, 8, 14, 15, 16, and 18. The cause was submitted to the jury on counts 9, 10, 11, 12, 13, and 17. To these counts defendant filed three pleas, plea 1 being the general issue, and pleas 2 and 3 contributory negligence.

(1) The first four assignments of error challenge the sustaining of the demurrer to counts 1, 2, 3, and 4. These counts were framed under the Employers' Liability Act (section 3910, subd. 1, Code of 1907). They were drawn to meet the several phrases of the evidence using the expressions that said "track upon which said crane ran was defective," that "said track upon which said crane ran was defective, in that the ties were old, worn, and rotten, and the rails were old, worn, and out of plumb," that "the wheels upon which said traveling

crane operated were old, worn, and out of plumb," etc., and that the "said bucket which was operated by means of said crane was defective." These counts were sufficient, on the authority of *Little Cahaba Co. v. Gilbert,* 178 Ala. 515, 59 South. 445; *St. L. & S. F. R. Co. v. Phillips,* 165 Ala. 504, 51 South. 638; *Jackson Lumber Co. v. Cunningham, Adm'r,* 141 Ala. 206, 37 South. 445.

(2) By comparing these counts with amended counts 9, 11, 12, and 13 it will be seen that plaintiff had the same issues submitted to the jury as were sought to be set up in counts 1, 2, 3, and 4, to which demurrers were sustained. The cause will not be reversed for this ruling of the trial court, because it is clear that no injury resulted therefrom.

(3) Counts 5 and 14 were drawn under subdivision 2 of section 3910 of the Code, and alleged that the injury "was proximately caused by reason of the negligence of some person in the service and employment of the defendant, who had superintendence intrusted to him, whose name is to the plaintiff unknown, and whilst in the exercise of such superintendence did negligently order plaintiff's intestate to operate said crane upon said track." This is substantially the language of the statute.

It is contended that these counts were demurrable, for that it was not shown that the superintendent had authority to give the alleged order to intestate, nor that the superintendent knew, or had reason to believe, that it would be dangerous to intestate to obey the alleged order.

The complaint was not subject to the demurrer directed to it. It was only necessary to allege the negligence of the defendant, and to prove that the defendant knew, or was in a position, by the exercise of a reasonably

prudent care, to know, whether compliance with its order by the servant would involve danger.—*Little Cahaba Coal Co. v. Gilbert, supra; Republic Iron & Steel Co. v. Williams,* 168 Ala. 612, 53 South. 76; *Collier v. T. C. I. & R. R. Co.,* 155 Ala. 377, 46 South. 487; *Reiter-Connolly Mfg. Co. v. Hamlin,* 144 Ala. 192, 40 South. 280; *Robinson Mining Co. v. Tolbert,* 132 Ala. 462, 31 South. 519; *T. C. I. & R. R. Co. v. Moore, infra,* 69 South. 540.

(4) The sixth and fifteenth counts of the complaint were under the third subdivision of section 3910 of the Code, and were sufficient, tested by the decisions in *Alabama Steel & Wire Company v. Tallant,* 165 Ala. 521, 51 South. 835, and *T. C. I. & R. R. Co. v. Moore, supra.* The counts charge all that this subdivision requires.

The case of *T. C. I. & R. R. Co. v. Williamson,* 164 Ala. 54, 51 South. 144, cited by appellee, is distinguishable from *Tallant's Case, supra,* and the case at bar, in that the pleader in that case alleged only that "Meyers ordered plaintiff," etc., and failed to allege that the order was in violation of any duty which the defendant owed the plaintiff, or that it was negligently given.

The case of *Alabama Consolidated Coal & Iron Co. v. Hammond,* 156 Ala. 253, 47 South. 248, is not in conflict with this view. The complaint there questioned went into detail in the allegations of negligence, and failed to show that the superintendence of the place was committed to the superintendent giving the order.

Appellant's seventh assignment of error is the sustaining of demurrers to count 7. The plaintiff had the benefit of the matter thus sought to be alleged in count 17, to which demurrers were overruled.

All necessary averment is contained in counts 8, 16, and 18. The allegation of the negligent failure of de-

fendant to use reasonable care and skill to furnish plaintiff's intestate a reasonably safe place in which to do his work was sufficient.—*Smith v. Watkins & Donaldson,* 172 Ala. 502, 55 South. 611; *Drew v. Western Steel Car & Mfg. Co.,* 174 Ala. 620, 56 South. 995, 40 L. R. A. (N. S.) 890; *Sloss-Sheffield Steel & Iron Co. v. Triplett,* 177 Ala. 258, 58 South. 108; *Coosa Pipe Foundry Co. v. Poindexter,* 182 Ala. 661, 62 South. 104; *Gray Eagle Co. v. Lewis,* 161 Ala. 417, 49 South. 859; *Republic Co. v. Williams,* 168 Ala. 612, 53 South. 76; *Wolf v. Smith,* 149 Ala. 457, 42 South. 824, 9 L. R. A. (N. S.) 338. Plaintiff had the benefit of these counts under count 17, which was left in.

(5) The thirteenth assignment of errors is the failure of the court to sustain demurrers to plea No. 2, setting up contributory negligence. The demurrers to this plea should have been sustained. The plea does not allege that the intestate knew of the danger of swinging the "loaded bucket" around "with great force and dropping it with a great jerk." It could not be said, from the plea, that this method of handling the bucket was dangerous, or that danger was apparent or obvious to ordinary observation; and without the allegation of inherent danger of which intestate had knowledge, or of obvious danger sufficient to warn ordinary observers, the plea could afford no basis for the defense of contributory negligence.—*Ill. Cent. R. R. Co. v. Lowery,* 184 Ala. 443, 446, 63 South. 952, 49 L. R. A. (N. S.) 1149; *Tallassee Falls Mfg. Co. v. Moore,* 158 Ala. 356, 48 South. 593; *Osborne, Adm'r, v. Ala. Steel & Wire Co.,* 135 Ala. 571, 33 South. 687; *T. C. I. & R. R. Co. v. Herndon,* 100 Ala. 451, 14 South. 287; *Brown v. St. L. & S. F. R. R. Co.,* 171 Ala. 310, 55 South. 107.

(6) The allegations of plea No. 3 were sufficient to show knowledge of the danger, and the demurrer to this plea was properly overruled.—*Ill. Cent. R. R. Co. v. Lowery, supra; Tallassee Falls Mfg. Co. v. Moore, supra; T. C. I. & R. R. Co. v. Herndon, supra; Osborne v. Alabama Steel & Wire Co., supra; Porter v. T. C. I. & R. R. Co.,* 177 Ala. 406, 59 South. 255; *Black v. Roden Co.,* 178 Ala. 531, 59 South. 497; *Jordan v. Alabama City, G. & A. Ry.,* 179 Ala. 291, 60 South. 309; *Haigler v. Sloss-Sheffield Steel & Iron Co.,* 187 Ala. 559, 65 South. 80.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.