Appropriate demurrer and assignment of error challenges the overruling of demurrer to count 2 as amended.
The question presented for decision was introduced by the amendment of the count in striking therefrom, after the words "causing said automobile to run over plaintiff or upon plaintiff," the words "knowing or having good reason to know that plaintiff would be injured thereby," and inserting in lieu thereof the words "under such circumstances as that he knew that his conduct would likely or probably cause great personal injury to some one." As to this, the duty to act being averred, good pleading did not require plaintiff to do more, by way of conclusion, than aver that the injury was inflicted by reason of the negligence of said defendant in the management or control of said automobile (Wilson v. Gulf States Steel Co.,194 Ala. 311, 69 So. 921; T. C., I. R. R. Co. v. Moore,194 Ala. 134, 140, 69 So. 540; Western Ry. of Ala. v. Mays,197 Ala. 367, 370, 72 So. 641; Dwight Mfg. Co. v. Holmes,198 Ala. 590, 73 So. 933, 935; South Brilliant Coal Co. v. McCollum, 200 Ala. 543, 76 So. 901; Republic Iron Steel Co. v. Harris, 202 Ala. 344, 80 So. 426; Coosa-Portland Cement Co. v. Crankfield, 202 Ala. 369, 80 So. 451; Sloss-Shef. S. I. Co. v. Triplett, 177 Ala. 258, 58 So. 108; Yarbrough v. Carter, 170 Ala. 356, 359, 60 So. 833; Smith v. Watkins Donelson, 172 Ala. 502, 55 So. 611; Republic Iron Steel Co. v. Williams, 168 Ala. 613, 53 So. 76; B. R., L. P. Co. v. Weathers, 164 Ala. 23, 51 So. 303); or was wantonly inflicted.
Undertaking further to aver the quo modo of wanton or willful injury of plaintiff by defendant, the facts so averred must show wanton or willful conduct on the defendant's part. The averment that defendant inflicted said injuries upon "plaintiff by willfully, wantonly, or intentionally causing said automobile to run over plaintiff * * * under such circumstances as that he knew that his conduct would likely or probably cause great personal injury to some one" falls far short of the averment of fact showing a willful or wanton act of defendant in causing his said automobile to injure plaintiff. The shorthand statement of fact that the injury was "under such circumstances" as that the defendant "knew that his conduct would likely or probably cause personal injury to some one" was far afield from a statement of fact indicating what were the circumstances — of defendant's willful or wanton "conduct" in question — at the time and place, that proximately resulted in the personal injury to plaintiff, of which complaint is made. Knight v. Tombigbee Valley R. R. Co., 190 Ala. 140, 142,67 So. 238; Johnson v. B. R., L. P. Co., 149 Ala. 529, 533,43 So. 33; Birmingham Ore Min. Co. v. Grover, 159 Ala. 276,48 So. 682; Sou. Ry. Co. v. Weatherlow, 153 Ala. 171,44 So. 1019; Republic Iron Steel Co. v. Williams, supra,168 Ala. 619, 53 So. 76; West. Ry. of Ala. v. Mays, supra; B. R., L. P. Co. v. Wilcox, 181 Ala. 512, 61 So. 908; B. R., L. P. Co. v. Frazier, 14 Ala. App. 269, 270, 69 So. 969. For this reason count 2 comes within the class of condemned counts, for insufficiently attempting to set forth the facts relied upon to show wanton or willful injury, when the facts averred do not support the conclusion of the pleader as to such wantonness or willfulness. Knight v. Tombigbee Valley R. R. Co., supra; Yarbrough v. Carter, supra.
Several exceptions were reserved to the introduction of evidence that may not be presented on a second trial. It is sufficient to say that witness Morris, being qualified to give an expert opinion (Miller v. Whittington, 202 Ala. 406,80 So. 499, 503; B. A. Ry. Co. v. Campbell, 203 Ala. 296,82 So. 546), may answer how fast such car was proceeding, skidding, the distance indicated and under conditions stated.
The sixth assignment is that reversible error was committed in overruling the objection to the question propounded to witness J. F. Knox: *Page 545 
"Did anybody point out to you the points where the boy was standing, or where he was struck, or anything of that kind?"
This interrogatory, without more, had a tendency to elicit hearsay evidence.
The question propounded to Miss Gladys Carr: "Do you know whether or not he was a careful driver, or a reckless driver?" called for a conclusion of fact that is not permitted in this jurisdiction. Houston v. Elrod, 203 Ala. 41, 81 So. 831; Knowlton v. Cent. of Ga. Ry. Co., 192 Ala. 456, 459-460,68 So. 281; L. N. R. R. Co. v. Bogue, 177 Ala. 349, 356,58 So. 392; Sou. Ry. Co. v. Stollenwerck, 166 Ala. 556, 563,52 So. 204.
The fact that defendant "always blew his horn in turning around the corner" was not permissible to show that he did give proper alarm of approach at the time and place of the accident.
A discussion of the right of the road as regards vehicles passing each other was given in Morrison v. Clark, 196 Ala. 670,72 So. 305.
For the error we have indicated, the judgment of the circuit court is reversed, and the cause is remanded.
Reversed and remanded.
ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.
 On Rehearing.