[General Supply & Construction Co. v. Shelton.]

# General Supply & Construction Co. v. Shelton.

*Action for Damages for Injury to Employe.*

(Decided Nov. 12, 1908. 47 South. 593.)

1. *Master and Servant; Injury to Employe; Pleading and Proof.*— Where an employe relies for recovery on the negligence of a foreman in ordering a hoist to be lowered while he was in a position of danger in the elevator space, he must show a duty owing him by the foreman whose order caused the hoist to be lowered, a breach of such duty and consequent injury therefrom.

2. *Same; Duty of Foreman.*—The evidence in this case is stated and examined and held insufficient to show that it was the duty of the foreman directing the hoist in the elevator shaft to see that no employee was in or on the shaft before ordering the hoist to be raised or lowered, and therefore, insufficient to show any negligence towards an employe injured by the descending hoist.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Personal injury action by James Shelton against the General Supply & Construction Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

STEVENS & LYONS, for appellant. There can be no recovery under the third count of the complaint.—Dresser's Employer's Liability Act. 320. There can be no recovery under the forth or fifth counts.—*So. Car & F. Co. v. Bartlett,* 137 Ala. 234. The defendant is not responsible for the negligence of the elevator boy.— *Dantzler v. Debardelaben C. & I. Co.,* 101 Ala. 309; *Smith v. Pioneer M. & M. Co.,* 41 South. 475; *Cashman v. Chase,* 31 N. E. 4. It cannot be contended that the order of Rogers to Tarbett was negligent in this case.— *Coosa Mfg. Co. v. Williams,* 133 Ala. 606; *York v. K. C.*

*C. & S. Ry. Co.,* 22 S. W. 1081; *Wiggins Ferry Co. v. Heilig,* 43 Ill. Ap. 238. The negligence alleged was not the proximate cause of the injury.—*Western Ry. of Ala. v. Much,* 97 Ala. 194; *Wilson v. L. & N. R. R. Co.,* 40 South. 942; *Stanton v. L. & N. R. R. Co.,* 91 Ala. 286; *Home Tel. Co. v. Fields,* 43 South. 711; *W. of Ala. Ry. Co. v. Sistrunk,* 85 Ala. 357. The motion to exclude the plaintiff testimony should have been granted, and the affirmative charge should have been given for appellant. —*Cobb v. Keith,* 110 Ala. 618; *Phillips v. Americus Guano Co.,* 110 Ala. 521; *Harold Bros. v. Jones Bros.,* 97 Ala. 638; *Markee v. L. & N. R. R. Co.,* 103 Ala. 160; *Tenn. C. I. & R. R. Co. v. Herndon,* 190 Ala. 451; *W. of Ala. Ry. v. Russell,* 144 Ala. 142.

GORDEN & EDDINTON, for appellee. The demurrers were properly over ruled.—*L. & N. R. R. Co. v. Orr,* 94 Ala. 604. The court properly sustained demurrers to the pleas.—*L. & N. v. Markee,* 103 Ala. 160; *Osborne v. Ala. S. & W. Co.,* 135 Ala. 571. On the authorities cited the court did not err in its other rulings.

McCLELLAN, J.—The defendant (appellant) was engaged at the time of plaintiff's injury in the construction of a building, and to facilitate the raising of material therefor operated an elevator or hoist in a skeleton shaft parallel with and within about 3 feet of the wall of the building. McDaniels was foreman of the stone work and Rogers was foreman of the concrete work on the structure. The plaintiff was under the supervision and orders of McDaniels, who directed plaintiff to ascend the shaft and from a rest on the lateral timbers of the shaft and next the wall to assist in setting a large stone. The elevator appears to have occupied in its operation practically the full space with-

in the shaft.   Just before the injury in question the plaintiff was sitting on the lateral supports of the shaft, facing the wall, with his back to the shaft space.   The timbers used in the construction of the shaft were not of sufficient size to obstruct a view of the appellee as thus situated.   The elevator was driven by an engine stationed about 50 feet from the foot of the shaft, and the engineer, or operator, one Torbett, was, from his place at the engine, favored with an unobstructed view of the entire shaft.   Rogers signaled or called to Torbett to lower it, and in the process of doing so the plaintiff was struck and wounded by reason of the fact that a part of his body was, in his sitting posture, within the sweep of the descending hoist.

The complaint, as now important to be stated, sought to fix liability on the appellant by the application of subdivisions 2, 3, and 4 of the liability act (Acts 1907, p. 595, 596, c. 80, § 3910), and would predicate that liability only upon the alleged negligence of Rogers in giving the order to the elevator operator to lower it while plaintiff was thus exposed to injury if the order was obeyed.   There is no count in the complaint ascribing, as disclosed by the evidence, the proximate cause of the injury to any source other than to Rogers' alleged negligence in directing the elevator to be lowered, though of course this basic idea is undertaken to be brought in averment within the subdivisions stated. Negligence must arise out of a breach of duty, and hence the obligation assumed by the plaintiff, on his present pleading, was to show a duty on Rogers, and which was breached by him to plaintiff's injury as a proximate consequence, as and when Rogers gave Torbett the signal to lower the hoist.   Necessarily the duty relied on is that Rogers should have, before signaling to Torbett, taken the precaution to see that no employe was in or on

the shaft of the hoist liable to injury by obedience by Torbett to the signal. The existence of this duty was possible of proof by testimony tending either to show that it was a positive requirement of Rogers in the performance of his duties as foreman, or as arising and being imposed by reason of a general practice on the part of those engaged in the construction of this building to employ the shaft as a means, apart from the hoist itself, to perform their services to the common master, whose safety would probably be endangered by the movement of the hoist. There is an entire absence of any such proof in this record. Indeed, the only evidence having an immediate bearing on the existence vel non of this duty was disallowed on objections from the plaintiff.

Can the existence of the duty on Rogers be found in the character of the mechanism and its general purpose and use in the construction of this building? We think not. The testimony rather minutely describes the character of the shaft. It was composed of four posts or uprights, and these were braced by lateral pieces, parallel with the ground, at intervals of 8 or 10 feet; the square spaces between these laterals being twice cut by pieces running from opposite corners and crossing in the middle at an approximate distance of 4 or 5 feet from the laterals mentioned. These bracings appear to have been made of 2x4 or 4x6 inch timbers. It is apparent that the shaft was not suited or designed for use as a means of ascent or descent by climbing. In fact, the evidence shows that the shaft was not at all adapted to scaffold purposes for work on the exterior of the nearby wall as appears to have been undertaken to be done when plaintiff was sent, by his superior to a place on it 8 or 10 feet from the ground. Furthermore, the evidence indicates a very constant use of the hoist in the shaft, which, in passing, cleared by only a few inches the

braces described. Besides, the proof shows sharp differences of opinion between those familiar with this shaft, whether one could stand on those braces and render any service or whether he could sit thereon without encroaching on the actual track of the hoist. From this condition, which we have undertaken to describe, we have no hesitancy in affirming that in absence of knowledge of one's presence stated, no measure of prudence would suggest even the possibility of an employe being on or in the shaft. In short, such a use of this shaft was not to be anticipated by a foreman signaling the movement of the hoist by the engineer. If, on this record, we should hold that Rogers' duty was to see that the shaft was clear before giving the signal to lower it, the result would be to create as a condition precedent to the performance of the master's service, a requirement of precaution not reasonably or naturally to be anticipated, of necessity, to avert injury to a servant of the common master.

It follows that, no duty being breached in giving the order or signal to lower the hoist, there was no culpable negligence on the part of Rogers. The affirmative charge for the defendant should have been given. The judgment is therefore reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.