# Southern Ry. Co. *v.* Goins, pro ami.

*Injury to Servant.*

(Decided May 31, 1911.   56 South. 252.)

1. *Master and Servant; Injury to Servant; Fellow-Servants; Complaint.*—Where the action was against the master under subdivision 5 of section 3910, Code 1907, and the liability predicated upon the negligence of a fellow servant in charge of an engine the complaint must show either that such fellow servant knew or had reason to believe that his act would injure the plaintiff, or that plaintiff was then within the line of danger from such act, otherwise, it shows no breach of duty.

2. *Same; Wilful or Wanton Injury.*—Where a complaint alleges that an engineer willfully, wantonly or recklessly caused or permitted a large volume of steam to escape, hiding the plank-way of the turn-table from plaintiff's sight, thus causing him to miss his footing and fall, it set forth facts showing no more than simple negligence as regards plaintiff's false step, since the steam itself was incapable of directly producing the injury complained of.

3. *Same; Recklessness.*—Where a complaint charged that an engineer wantonly, willfully, or recklessly permitted steam to escape, thus causing plaintiff to fall, but contained no allegation showing that this act was done while plaintiff was in obvious and imminent peril, the term "recklessly" means no more than negligently and

[Southern Ry. Co. v. Goins, pro ami.]

cannot be understood as wantonly, and hence, charges no more than simple negligence, thus causing the count to charge willful, wanton or simple negligence in the alternative, which rendered the count bad.

4. *Same; Contributory Negligence.*—A defective way may often be used in perfect safety, and hence, a servant's act in using the particular gangway in this case could not be held as a matter of law to be contributory negligence, although it appeared that the gangway was in a defective condition.

5. *Same; Assumption of Risk; Plea.*—In an action by a servant against a master the defense of assumption of risk must be specially pleaded to be available.

6. *Pleading; Complaint; Construction.*—The facts alleged determine whether a complaint charges simple negligence or wanton and wilful negligence, and not the conclusions of the pleader.

7. *Action; Cause of Action.*—Where the complaint alleged that a gangway across a turn-table was defective and that the engineer turned on steam in such a way as to shock and blind the plaintiff so that he fell off the gangway, it did not set up separate causes of action arising under different subdivisions of the statute. The defect in the gangway was only a condition which rendered the accident possible.

APPPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Orlando Goins by next friend against the Southern Railway Company, for injuries received while engaged in its employment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

PAUL SPEAKE, for appellant. Counsel discuss the assignments of error relative to pleading, but without citation of authority. Hulsey was sufficiently shown to be an expert to answer whether or not it was necessary for steam to escape from the cylinder cocks while the engine was on the turn table.—*A. G. S. v. Vail,* 46 So. 587. The affirmative charge should have been given as to count 4, as under the evidence, the plaintiff assumed the risk.—*Eureka Co. v. Bass,* 81 Ala. 200; 129 Ala. 410; 131 Ala. 81; 136 Ala. 475; 42 So. 27. The general affirmative charge should have been given.—*Goodlow v. M. & C. R. R. Co.,* 107 Ala. 233; *Case v. Hulsebush,* 122 Ala. 212; *So. Ry. Co. v. Bunt,* 131 Ala. 591; *Sanders' Case,* 145 Ala. 458.

JAMES JACKSON, for appellee. No brief came to the Reporter.

PER CURIAM.—This is an action for personal injuries suffered by the plaintiff while engaged in operating a turntable for the defendant company, and the complaint is in five counts. The fifth count (designated as "A") was eliminated by the charge of the trial court, and need not be further noticed.

Counts 1, 2, 3, and 4 aver a defective condition of the wooden flooring of the turntable on the side of the rails, over which plaintiff walked while discharging his said duty; there being broken planks and holes therein, and the gangway between the ends of the table being a plank only eight or ten inches wide laid over and across said holes, and about six feet above the ground underneath. The gravamen, however, of counts 1, 2, and 3, is not the defect of the way, but the negligence of the engineer in charge of an engine which he had placed upon the table to be turned; and the charge being that said engineer negligently (in counts 1 and 2) and "wantonly, wilfully, or recklessly" (in count 3) caused or permitted a large volume of steam to escape, which steam so hid the plankway from plaintiff's sight (in counts 1 and 3), and so burnt or shocked him (in count 2), as to cause him to miss his footing and fall; he then being on the table and crossing the plank in and about his duty in the premises.

Count 4 sets forth the negligence of the engineer and its causation of injury in terms practically identical with those employed in counts 1 and 3; and it also sets forth the defective condition of the gangway, with the supplementary averments requisite to the statement of a good cause of action therefor, except that it does not charge that the defect was the proximate cause of plaintiff's misstep and injury.

[Southern Ry. Co. v. Goins, pro ami.]

To the several counts of the complaint, an aggregate of 66 grounds of demurrer were interposed; and these being overruled en masse the defendant pleaded the general issue and 14 special pleas. To these special pleas, a total of 62 grounds of demurrer were filed, to say nothing of 7 special replications, which later in turn provoked a new and formidable host of demurrers, which almost defy enumeration.

The action of the court in sustaining or overruling these various demurrers makes up the bulk of the assignments of error. The appellant also complains of the refusal of the trial court to give for it the general affirmative charge as to the whole complaint, and as to counts 1, 2, 3, and 4 separately, and also of the overruling of its motion for a new trial.

We have endeavored with patient industry to thread the labyrinth of pleading, and to trace and chart the course of legal principle through its perplexing mazes. But we deem it unnecessary to pass upon all of the numerous assignments of error, and will confine our discussion to those which are most vital and decisive.

A complaint framed under subdivision 5 of the statute, counting upon the negligence of a fellow servant in charge of an engine, must aver that such engineer knew, or had reason to believe, that the act in question would be likely to injure plaintiff, or that plaintiff was then within the line of danger from such act.—*L. & N. R. R. Co. v. Bouldin,* 110 Ala. 185, 200, 20 South. 325. Otherwise it shows no breach of duty on the part of the defendant. The first ground of demurrer should therefore have been sustained to counts 1 and 2, since such an averment is wholly wanting. Count 3 is not open to this objection.

While counts 1, 2, and 3 all set up the defective condition of the gangway across the turntable, this is pred-

icated only as descriptive of the environment by means of which the engineer's alleged negligence was aggravated and rendered efficient in producing the disaster to plaintiff.—*Randall v. Birmingham Ry. Co.*, 158 Ala. 532, 48 So. 114. These counts are not, therefore, obnoxious to the rule that separate causes of action arising under different subdivisions of the statute cannot be included in the same count.

None of the counts show that plaintiff assumed the risk of the mishap that occurred, nor that he was guilty of contributory negligence in bringing them about, and the grounds of demurrer directed to these supposed faults were properly overruled. A defective way may often be used in perfect safety, provided no unusual and disturbing factor intervenes. This plankway, though narrow, may have afforded a safe passage in the daytime, or even at night, to one carrying a light, or not blinded by steam suddenly turned upon him. Certainly attempting to cross on the plank was not per se negligent. It may be that in attempting *to proceed* along the plank, with a clear apprehension of surrounding conditions, after he was enveloped by a cloud of steam which obstructed his view of the footway, and *after his light* had been blown out, he assumed the risk of injury from a chance misstep in the dark, whether he were proceedinging carelessly or cautiously. If so, the defense must be presented by a defensive plea.

Count 3 was evidently designed to charge wanton or wilful injury to plaintiff by the engineer by the discharge of steam upon him, and was so treated. Its sufficiency in this repect must be tested by the facts alleged, and not by the conclusions of the pleader. The facts alleged, as is quite obvious, show no more than simple negligence, as far as the plaintiff's false step, or the likelihood of his making it, or the resulting injury, is con-

cerned.—*So. Ry. Co. v. Weatherlow,* 153 Ala. 176, 44
South. 1019. It would of course be otherwise if the
steam thus applied had been capable in itself of directly
producing an injury, and did so, and that were the in-
jury complained of.

Nor does the count fare any better if we look solely
to the qualifying averment that the engineer "wantonly,
willfully, or recklessly caused or permitted the steam to
escape." While a reckless action in the face of obvious
and imminent peril to another may properly be regard-
ed as wanton, and such a charge thus supported suffi-
ciently charges wanton negligence (*K. C., M. & B. R.
R. Co. v. Crocker,* 95 Ala. 433, 11 South. 262), yet, un-
supported by such a predicate, the term "recklessly"
means no more than "negligently," and charges but sim-
ple negligence.—*Stringer v. A. M. R. R. Co.,* 99 Ala.
410, 13 South. 75; *L. & N. R. R. Co. v. Baker,* 96 Ala.
435, 11 South. 453; *K. C., M. & B. R. R. Co. v. Crocker,
supra.* The result is that this count at best charges
wanton, willful, or simple negligence, in the alternative,
and is therefore bad. For these reasons, the twelfth
and fourteenth grounds of demurrer should have been
sustained.—*M. & C. R. R. Co. v. Martin,* 117 Ala. 367,
382, 23 South, 231.

Count 4, although at first sight it seems to ground
a claim for recovery upon the defective gangway, does
not in reality do so, since plaintiff's misstep and injury
are attributed directly and exclusively to the action of
the engineer, leaving the defective way as a condition
merely, and therefore the remote and not the proximate
cause of the mishap. So construed, it states but a sin-
gle cause of action, and is not subject to demurrer on
that ground.—*L. & N. R. R. Co. v. Coulton,* 86 Ala. 131,
5 South. 458; *H. A. & B. R. R. Co. v. Dusenberry,* 94
Ala. 417, 10 South. 274. But, equally with counts 1

and 2, count 4 was subject to the first ground of demurrer, since it does not allege any knowledge or reasonable apprehension on the part of the engineer that in letting off the steam he might endanger plaintiff.

A number of defendant's pleas are apparently framed upon the idea that the gravamen of the complaint is the defective way, and are insufficient as an answer to the negligence imputed to the engineer. Some of them are also argumentative. But we refrain from further discussion along these lines, since upon another trial, after proper amendments to the complaint, the pleadings may shape themselves quite differently.

For the several errors in overruling the demurrers to the complaint, as above pointed out, the judgment of the trial court must be reversed, and the cause remanded.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by Mr. Justice Somerville, of the Supreme Court, before the transfer of the case to this court, and was adopted by this court.