# Robertson *v.* Tennessee Coal, Iron & Railroad Company.

*Injury to Servant.*

(Decided November 23, 1911.  56 South. 710.)

1. *Master and Servant; Injury to Servant; Evidence; Sufficiency.* —The evidence in this case examined and held to be insufficient to show negligence on the part of the master

2. *Same; Negligence.*—Where each servant who was painting a roof had been furnished a ladder for his own use, and one of them left the ladder upon which he was working, and attempted to work upon the ladder in use by the other servant, and the ladder came off the roof, with the two men on it, and was broken by the fall, the breaking of the ladder by the fall was not evidence of negligence, as it was being used in a manner not intended.

3. *Same; Duty to Instruct.*—Where the work of painting a roof was not attended with any danger which was not open to any man of ordinary intelligence and observation, it was not negligence in the master to fail to instruct and warn a servant of such danger.

4. *Appeal and Error; Harmless Error.*—Where the facts proven showed conclusively that plaintiff was not entitled to recover, any errors in sustaining demurrers to counts in his complaint was harmless.

APPEAL from Tuscaloosa County Court.
Heard before Hon. HENRY B. FOSTER.

Action by William T. Robertson, Jr., against the Tennessee Coal, Iron & Railway Company, for damages, for injuries suffered while in its employ.  Judgment for defendant and plaintiff appeals.  Affirmed.

BROWN & WARD, for appellant.  The court erred in sustaining demurrer to counts 4 and 6 of the complaint. —*M. & O. v. George*, 94 Ala. 214; *A. G. S. v. Davis*, 24 South. 863; *West Pratt C. Co. v. Andrews*, 43 South. 348; *Huych v. McNerney*, 50 South. 926.  The court erred in overruling demurrers to pleas 2, 3 and 4.—Employer's Liability Act.  On these authorities, it is insisted that the court erred in the admission of evidence, and in the charges given and refused.

OLIVER, VERNER & RICE, for appellee.  If it appears that plaintiff was not entitled to recover in any event, then any technical error as to pleadings, would be without avail to reversal.  No negligence was shown.— *McKay v. Hand*, 47 N. E. 104; 15 L. R. A. 687.

DOWDELL, C. J.—The plaintiff was injured by falling from the roof of a shed over a boiler, where he was at the time engaged in painting the roof.  To do this work a ladder was used, which laid flat upon the roof, "and was held onto said roof by a cross-piece so nailed to the upper end thereof as to form a miter joint or angle therewith, which so fit over the comb of the roof of said shed as to hold said ladder thereon; said cross-piece extending the entire width of the upper end of said ladder."  One Sam Rolen, another employee of the defendant, was engaged with the plaintiff in doing the painting of said roof.  There were two ladders furnished by the defendant for doing the work, one for each man, and both similarly constructed for hooking

[Robertson v. Tennessee Coal, Iron & Railroad Company.]

over the comb of the roof, to prevent sliding off, though one ladder was heavier than the other. The plaintiff went to work on Friday morning painting the roof, and for his work selected the heavy-weight ladder, which he used, all day Friday and up to about 9 o'clock on Saturday, with safety; Sam Rolen, the other employee, using the light-weight ladder. Saturday morning about 9 o'clock the plaintiff abandoned his ladder, throwing it off on the other side of the roof, because, he says, "the heavy-weight ladder on which he was at work began to show some tendency to jump up at the upper (or comb) end thereof." The plaintiff, after discarding the ladder that had been furnished him and which had served its purpose with safety to him, got upon the other ladder with Sam Rolen. This he did of his own volition and accord, and without any order or direction by the superintendent of the defendant, or, as for that matter, of any one. Shortly after getting upon the ladder with Rolen, the ladder slid off of the roof of the shed, carrying the plaintiff and Rolen to the ground with it, a distance of 12 feet, when the plaintiff received the injuries complained of. In the fall the lateral bars of the ladder were broken. The foregoing statement of facts was in substance the plaintiff's own evidence, testifying as a witness in his own behalf, and was without dispute or conflict.

Evidently the sliding of the ladder from the roof was the result of its becoming detached from the comb, where the cross-piece, or "miter joint," at the upper end of the ladder hooked over the comb, and that this was occasioned by the plaintiff's getting upon it and putting it to a double service, and which was not intended or directed by the superintendent. The two ladders furnished by the defendant, as long as used as intended and directed by the superintendent, proved to be safe for

their purposes. On the undisputed evidence we fail to see wherein the defendant or its superintendent was guilty of any negligence.

The plaintiff was a man, and presumably one of ordinary intelligence. The work of painting the roof in the manner in which it was directed to be done by the superintendent of the defendant was not attended with any dangers which were not open to a man of ordinary intelligence, and the failure of the superintendent to instruct and warn the plaintiff, therefore, would not constitute negligence.

There was no evidence of any defect in the ladder that proximately caused the plaintiff's injury. The mere fact alone that the ladder was broken by the fall from the roof to the ground with two men on it does not prove that it was defective or insufficient for the purpose for which it was intended. Moreover, the plaintiff, by his own voluntary act in getting on the light-weight ladder already occupied by Rolen, was the immediate cause of the accident that resulted in his injury.

The defendant, on the undisputed evidence, was entitled to the general charge requested, and the trial court committed no error in giving it.

The court sustained demurrers to counts 4 and 6 of the complaint. If there was error in this ruling, which, however, we do not decide, it was harmless error, since the result would have been the same if these counts had remained in. We find no reversible error in the record, and the judgment, therefore, must be affirmed.

Affirmed. All the Justices concur.