[Alabama Great Southern Railway Company v. Neal.]

# Alabama Great Southern Railway Company *v.* Neal.

## *Damage for Injury to Servant.*

(Decided May 13, 1913.   62 South. 554.)

1. *Action; Joinder; Misjoinder.*—Where the injury complained of was the result of a concurrence of separate acts of negligence, a joinder of the two causes of action is not a misjoinder, although each be separately actionable under the Employer's Liability Statute.

2. *Master and Servant; Injury; Complaint; Superintendence; Negligence.*—A complaint consisting of several counts, each alleging the negligence of defendant's superintendent or foreman in causing a piece of timber to be dropped or thrown from above the place where plaintiff was working, under the instructions of the superintendent or foreman, is based on subdivision 2, section 3910, Code 1907; the further allegation that plaintiff was at work under such superintendent and was directed to do the particular work in which he was engaged when injured, merely shows that plaintiff was rightfully at work where he was when injured, so as to require the superintendent to refrain from injuring him, although it was not alleged that such direction was negligent.

3. *Same.*—Such counts did not predicate the right of action upon the order of the superintendent, but merely showed that plaintiff was rightfully at work where he was injured, and did not allege a cause of action under subdivision 3, section 3910, for the negligence of a superior to whose orders he was bound to conform.

4. *Same.*—A complaint alleging that plaintiff was an employe of defendant, and one of its construction gang, and was required to assist in the erection of a certain frame building, and that while in such employment, and acting within the scope of his duty when injured, sufficiently alleged that plaintiff received his injuries while discharging the duties of his employment.

5. *Same; Knowledge of Danger.*—The complaint examined and it is held that the several counts sufficiently allege that the superintendent knew of the dangerous conditions surrounding plaintiff, and had cause to believe that his acts might probably result in injury to him.

6. *Same; Specific Negligent Acts.*—Counts which declare upon the negligence of the superintendent in general terms relieve plaintiff of the necessity of alleging the knowledge on the part of the superintendent of the danger to plaintiff of the specific acts complained of.

7. *Same; Action; Issue and Proof.*—To establish negligence of a superintendent under a complaint alleging in general terms his negligence, based on subdivision 2, section 3910, Code 1907, it is essential to show that the superintendent knew, or had good reason to know of plaintiff's danger.

[Alabama Great Southern Railway Company v. Neal.]

8. *Same; Jury Question.*—Under the evidence in this case, the question of the negligence of the superintendent was one for the jury.

9. *Same; Master's Liability; Assumption of Risk.*—Where the place at which plaintiff was working was safe when he was put there, and subsequently became unsafe from the foreman's sending another employee above to saw off a block, without any warning to plaintiff or any knowledge on his part that such work was being done, and not as a result of any inherent danger obvious to the servant, plaintiff did not assume the risk.

10. *Same; Reliance on Care of Master.*—A servant put to work at a safe place may assume that the master or his representative would not subsequently render the place unsafe by sending another overhead to saw off a piece of timber, without warning plaintiff of such fact, or the danger therefrom.

11. *Same; Contributory Negligence.*—Where plaintiff was ordered by his superintendent to work at a place then safe, but which subsequently became unsafe, not as the result on any inherent danger obvious to plaintiff, but from an act of the superintendent without warning to plaintiff or any knowledge on his part of the performance of such other act, although he might have observed it by looking up, and plaintiff was injured by the falling of a piece of timber, which was sawed off overhead, plaintiff could not be said to be guilty of contributory negligence.

12. *Same; Knowledge of Danger; Jury Question.*—Where the evidence was in dispute as to whether the plaintiff, who was injured by a fall of timber from above, knew of another servant's presence above him sawing off the timber, it became a question for the jury to determine.

13. *Same; Instruction.*—In an action based on subdivision 2, sec. 3910, Code 1907, where the superintendent admitted giving another employee an order to saw off timber above the place of plaintiff's work, such order was a special, as distinguished from a general order, and a charge asserting that the superintendent's general order for certain work was not a special order to do a particular work, and that a recovery could not be had on a showing of a general order only, was properly refused.

14. *Same.*—Where the question of negligence and assumption of risk, were for the jury, affirmative charges on the several counts, and charges asserting that plaintiff could not recover by reason of any negligent order; that the superintendent did not give any negligent order; that plaintiff could not recover unless the superintendent knew that injury would result; that plaintiff was guilty of contributory negligence; that the superintendent was guilty of no negligence entitling plaintiff to recover, and that plaintiff assumed the risk, were properly refused, as withdrawing those questions from the jury.

15. *Appeal and Error; Waiver.*—Where appellant does not insist in brief or argument on the overruling of certain grounds of its demurrer, such assignment will be deemed waived.

16. *Charge of Court; Directing Verdict.*—Where there is a material conflict in the evidence, or where there is evidence affording inferences adverse to the rights of the parties requesting the charge, the court cannot properly direct the verdict.

[Alabama Great Southern Railway Company v. Neal.]

17. *Evidence; Opinion; Conclusion.*—Where the size of the block which fell was shown as was the distance it fell, the evidence of another employee who had sawed it off as to whether it would be likely to knock plaintiff down was a conclusion, which the jury was as competent to draw as the witness, and which was within their province to determine.

18. *Same; Expert.*—A person not shown to have any special knowledge rendering him capable of expressing an expert opinion, was not competent to testify whether a block of certain size falling a certain distance would be likely to knock down one struck by it.

19. *Trial; Reception of Evidence; Assuming Facts.*—Where the plaintiff had testified that there was nothing to keep him from seeing things fall, if they were falling, and where there was no evidence that anything had fallen or was falling before the timber struck plaintiff, the exclusion of a question to plaintiff assuming that the chips and sawdust were falling, was not error.

20. *Witnesses; Examination.*—Questions which are misleading are objectionable, and the trial court will not be put in error for sustaining objection to them.

APPEAL from Greene Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Hudson Neal, pro ami, against the Alabama Great Southern Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The substance of the pleadings, the facts, and the assignments of error relative to evidence sufficiently appear from the opinion. The following charges were refused to defendant:

(1) General affirmative charge.

(3) Affirmative charge to second count.

(4) Affirmative charge as to fourth count.

(5) Affirmative charge as to the fifth count.

(6) Same as to the sixth count.

(7) Same as to the seventh count.

(9) Same as to the eighth count.

"(15) A general order by a superintendent of certain work is not a special order to do a particular work and a recovery cannot be had against a defendant where only a general order is shown, and where it is not shown that a special order is given by the superintendent to do the particplar work."

38 CA

"(17) The jury cannot find a verdict for the plaintiff in this case by reason of any negligent order which may have been given by C. N. Bible, even if such order proximately caused the injury of which plaintiff complained.

"(18) Under the evidence in this case, Bible did not give any negligent order which caused the injury complained of by plaintiff.

"(19) You cannot find a verdict for plaintiff in this case unless you should believe from the evidence that Bible gave the plaintiff a negligent order, and that at the time the said Bible gave the order to plaintiff Bible knew or had good reason to apprehend that the obedience to such order by the plaintiff would probably result in injury to the plaintiff."

"(21) Under the evidence in this case, the plaintiff was guilty of negligence which proximately contributed to his own injury.

"(22) Under the evidence in this case, Bible was not guilty of any such negligence as would entitle plaintiff to recover against the defendant."

"(26) The plaintiff assumed the risk of being injured by placing himself at the point under which Tinnell was at work."

A. G. & E. D. SMITH, for appellant. The court erred in overruling demurrers to the 2nd count of the complaint.—*Logan v. Central I. Co.*, 139 Ala. 548; *Decatur C. W. Co. v. Mchaffey*, 128 Ala. 242; *Green v. Bessemer C. I. & L. Co.*, 50 South. 289; *S. L. & S. F. R. R. Co. v. Sutton*, 55 South. 989; *So. Ry. v. Goins*, 56 South. 253. The demurrers to the 4th count should have been sustained.—*Sparkman v. Swift*, 81 Ala. 231; *H. A. & B. v. Dusenberry*, 94 Ala. 413; *K. C. M. & B. v. Burton*, 97 Ala. 240; *B. & D. R. R. Co. v. Weems*, 97 Ala. 270;

*A. G. S. v. Shahan,* 22 South. 509. Counsel discuss assignments of error touching demurrers to the 5th, 6th and 7th counts, but without further citation of authority. As to demurrers to the 8th count they cite.—*Robertson v. T. C. & I.,* 56 ·South. 710; *L. & N. Sharp,* 55 South. 139; *Perry v. Old Colony Co.,* 41 N. E. 289. The court erred in not permitting defendant to ask plaintiff this question: "If you had noticed, you would have seen those things, would you not?"—*A. G. S. v. Lynn,* 103 Ala. 134. Counsel discuss other assignments relative to evidence, but without further citation of authority. The appellant was entitled to the affirmative charge on the whole case.—*Davis v. Western Railway,·* 18 South. 173, and authorities supra. **Plaintiff could** not recover under the 5th count.—*M. & O. v. George,* 94 Ala. 199; *Bir. Furn. Co. v. Gross,* 97 Ala. 220; *Mary Lee Co. v. ·Chambliss,* 97 Ala. 171; *Dantzler v. DeBardelaben,* 101 Ala. 309. Plaintiff was not entitle to recover under his 8th count.—*Robertson v. T. C. & I., supra; L. & N. v. Sharpe, supra.* The court erred in refusing charge 15.—See citation to assignment of error as to recovery under 5th count. Defendant was entitled to have the jury charged as requested in charge 17.—*Davis v. West. Ry., supra; A. G. S. v. Roach,* 110 Ala. 266; s. c. 116 Ala. 360. Charge 19 should have been given.— Authorities supra.

McKinley, McQueen & Hawkins, for appellee. The lower court did not err in overruling the demurrer to the 2nd count of the complaint.—*Moss v. Mosely,* 148 Ala. 168; *Collier v. Tenn. C. I. & Ry. Co.,* 155 Ala. 375; *Laughran v. Brewer,* 113 Ala. 509; *Reiter-Connolly v. Hamlin,* 144 Ala. 192; *Bessemer L. & Imp. Co. v. Campbell,* 121 Ala. 50; *M. & O. R. R. Co. v. George,* 94 Ala. 199; *Republic I. & S. Co. v. Williams,* 168 Ala. 612; *Rob-*

*inson Min. Co. v. Talbert,* 132 Ala. 462. The lower court did not err in overruling the demurrer to count No. 4 of the complaint.—*Southern Ry. Co. v. Goins,* 56 South. Rep. 253; *Randle v. Birmingham Ry. Co.,* 56 South. Rep.; *Collier v. Tenn. C. I. & Ry. Co.,* 155 Ala. 375; *M. & O. R. R. Co. v. George,* 94 Ala. 199; *Robinson Min. Co. v. Talbert,* 132 Ala. 462; *Republic I. & S. Co. v. Williams,* 168 Ala. 612. The lower court did not err in overruling the demurrer to count 5 of the complaint. —Authorities supra. The lower court did not err in overruling the demurrer to count 6 of the complaint.— Authorities supra. The lower court did not err in over- ruling the demurrer to count 7 of the complaint.—*Col- lier v. Tenn. C. I. & Ry. Co.,* 155 Ala. 375, and authori- ties supra. The lower court did not err in overruling the demurrer to count 8 of the complain.—Authorities cited under Proposition I. The lower court did not err in sustaining appellee's objections to the following ques- tions propounded by appellant to the witness Neal, viz.: "If you had noticed you would have seen those things, would you not," and "If you had noticed, will ask if you could not have seen these things fall, the chips, saw- dust, etc., while you were at work?" They call for the mere opinion of the witness.—*E. T. V. & G. R. R. Co. v. Watson,* 90 Ala. 44; *Decatur Car Wheel Co. v. Mchaffey,* 128 Ala. 255. The lower court did not err in sustaining appellee's objection to the following question propounded by appellant to the witness Tindle: "Would a block of the size of that falling the distance it fell and striking a man on the head be likely to knock him down?"—*E. T. V. & G. R. R. Co. v. Watson,* 90 Ala. 44-5; *Decatur Car Wheel Co. v. Mehaffey,* 128 Ala. 255. The lower court did not err in refusing to give charge No. 1 (the general charge) for the appellant.—*McCor- mack Harvesting Co. v. Lowe,* 151 Ala. 313; Code, sec.

3910, subd. 2; *Reiter-Connolly Mfg. Co. v. Hamlin,* 144 Ala. 192; *Robinson Min. Co. v. Tolbert,* 132 Ala. 462; *Cent. of Ga. Ry. Co. v. Partridge,* 136 Ala. 587. The lower court properly refused to give charges Nos. 3 and 4 requested by appellant. See authorities under Proposition IX. The lower court properly refused to give the general charge for the defendant under the 5th, 6th, 7th and 8th counts of the complaint. See authorities under Proposition IX. The lower court did not err in refusing to give charge No. 15 requested by appellant.— Authorities under Proposition IX; *Hughes v. Anderson,* 68 Ala. 280; *A. & B. Air Line Ry. v. Wheeler,* 154 Ala. 520; *Brewer v. Watson,* 71 Ala. 299; *Southern Ry. v. Hobbs,* 151 Ala. 335. The lower court did not err in refusing to give charge No. 17 requested by appellant.— Code, Sec. 3910, subd 2; *Skains & Lewis v. State,* 21 Ala. 218; *King v. Pope,* 28 Ala. 601; *Marx v. Bell, Moore & Co.,* 48 Ala. 497. The lower court did not err in refusing to give charge No. 18 requested by appellant. See authorities under Proposition XIII. The lower court did not err in refusing to give charge No. 19 requested by appellant. See authorities under Proposition XIII. The lower court did not err in refusing to give charges Nos. 21 and 26 requested by appellant.—*Spains & Lewis v. State,* 21 Ala. 218; *King v. Pope,* 28 Ala. 601; *Marx v. Bell, Moore & Co.,* 48 Ala. 487 (505). The lower court did not err in refusing to give charge No. 22 requested by the appellant. See authorities under Proposition XVI.

THOMAS, J.—The complaint contained originally nine counts. The first was withdrawn, and demurrers were sustained to the third and ninth, leaving as the complaint upon which the trial was had counts 2, 4, 5, 6, 7, and 8, to each of which a demurrer was also inter-

posed, but overruled. These counts are all predicated upon subdivision 2 of section 3910 of the Code (the Employer's Liability Statute), confessedly so, except counts 4, 5, and 8, each of which appellant (defendant below) contends, in one ground of demurrer thereto, is a misjoinder of an action under subdivision 2 with an action under subdivision 3 of said statute.

We think this contention without merit: First, because, even assuming that there is a joinder of the two causes of action, it would not necessarily be a misjoinder, and is never such where the injury complained of is the result of a concurrence of separate acts of negligence, though each be separately actionable under the statute cited (see *Bridges v. T. C. I. & R. R. Co.,* 109 Ala. 292, 19 South. 495; *Bear Creek Mill Co. v. Parker,* 134 Ala. 299, 32 South. 700) ; second, because, under the construction we give these counts, there is in fact no joinder in them of separate causes of action, and consequently there is and can be no misjoinder.

Each of the counts, we think, as said, is based on subdivision 2 of the statute; the gravamen of each being the alleged negligence of Bible, defendant's superintendent or foreman, whilst in the exercise of his superintendence, in negligently causing the piece of timber, which fell upon plaintiff below and produced the injuries complained of, to be pushed, dropped, or thrown down from above the place where plaintiff, under said Bible's instructions, was at work in repairing or remodeling the building. It is true that each of the counts alleges that plaintiff was at work under the superintendence of said Bible and was required by him to do the particular work in which he (plaintiff) at the time of the injury was engaged; yet this act on the part of Bible in directing plaintiff where to work and what work to do is not alleged to have been negligent, nor is blame

anywhere imputed to him therefor. Hence, certainly, the pleader was not predicating his right of action upon this act of Bible's but it was alleged as a fact merely to show that plaintiff was rightfully at work at the place where he was injured, as inferentially imposing on Bible, the superintendent of the work, whilst in the exercise of his superintendence, the duty either to refrain, whilst plaintiff was there, from having the pieces of timber above plaintiff sawed off and dropped down or, if he had it done, to have it done in such a way or manner as not to endanger the safety of plaintiff below. This latter, it is in effect alleged in all the counts, is what Bible, as such superintendent, negligently did or negligently failed to do, and makes each count one under subdivision 2, and not one under subdivision 3, of the statute.—*Collier v. T. C. I. & R. R. Co.*, 155 Ala. 378, 46 South. 487; *Reiter Mfg. Co. v. Hamlin*, 144 Ala. 193, 40 South 280; *Bessemer L. & I. Co. v. Campbell*, 121 Ala. 52, 25 South. 793, 77 Am. St. Rep. 17; *Robinson Mining Co. v. Tolbert*, 132 Ala. 463, 31 South. 519; *So. Ry. Co. v. Goins*, 1 Ala. App. 370, 56 South. 253; *Randle v. B'ham Ry. Co.*, 158 Ala. 532, 48 South. 114; *General Supply Co. v. Shelton*, 157 Ala. 637, 47 South. 593; *Creola Lumber Co. v. Mills*, 149 Ala. 477, 42 South. 1019; *So. Ry. Co. v. McGowan*, 149 Ala. 452, 43 South. 378. It follows that all of the demurrers attacking any of the counts on the ground of a misjoinder, or on account of the insufficiency of their allegations to make a case under subdivision 3 of the statute, are without merit.

All of the counts were also separately and severally demurred to upon a number of other grounds, which sought to test the sufficiency of their allegations to state a cause of action under subdivision 2 of the statute; but the only ones of these demurrers necessary to be consid-

ered or discussed are those insisted upon in the brief of appellant's counsel, and which may be thus stated in substance: First, that each count fails to allege or show that plaintiff was injured while in the discharge of the duties of his employment; second, that each count fails to allege or show that said Bible knew of any dangerous conditions surrounding the work of plaintiff, or had any cause or reason to suspect or believe that by reason of his acts and doings in the premises there was any danger to the plaintiff or that the same would probably result in injury to the plaintiff.

The first mentioned of these criticisms is directed in argument specifically to counts 2 and 5; it being impliedly conceded that, if they are held sufficient in this particular, the others are. On this point count 2 alleges that "plaintiff was an employee of the defendant and was required by defendant to assist in the repair of or erection of an addition to a certain frame building, * * * and that whilst in said employment and acting within the line of his duty" he received the injuries complained of; and count 5 alleges that "plaintiff was in the employ of defendant as a member of defendant's builders or construction gang * * * and was required to cut certain bridging, etc., upon the foundation or sleepers of a certain addition [to defendant's depot at Eutaw], etc., and that while he was so engaged in said work" was injured. From these quotations it seems to us too clear for discussion that plaintiff received his injuries while in the discharge of the duties of his employment.—*Moss v. Mosely*, 148 Ala. 168, 41 South. 1012; *Laughran v. Brewer*, 113 Ala. 509, 21 South. 415; *Reiter-Connolly Mfg. Co. v. Hamlin*, 144 Ala. 193, 40 South. 280. We find nothing in the cases cited by appellant's counsel in brief to conflict with this view, but on the contrary we regard them as in entire

harmony, to wit:—*Logan v. C. I. C. Co.,* 139 Ala. 552, 36 South. 729; *Green v. Bessemer C. I. & L. Co.,* 162 Ala. 609, 50 South. 289; *S. L. & S. F. R. Co. v. Sutton,* 169 Ala. 389, 55 South. 989, Ann. Cas. 1912B, 366.

The objection that the counts fail to show that Bible knew of any dangerous condition surrounding the work of plaintiff, or had any reason to believe that the pieces of timber he directed to be sawed off in the roof of the building would probably drop down and result in injury to plaintiff, is, under the latest adjudications of our Supreme Court on the subject, equally untenable, in the light of the character of the several allegations of negligence contained in all the counts. Counts 2 and 7 in this particular are as follows: "And the plaintiff avers said injury to have been proximately caused by reason of the negligence of one Bible, a person in the service or employment of the defendant, who had superintendence intrusted to him, whilst in the exercise of such superintendence, which negligence consisted in this: That the said Bible negligently allowed work of defendant to be performed in a manner dangerous to the safety of plaintiff, whereby a piece of timber was dropped or thrown or allowed to fall from a place above where plaintiff was at work, striking plaintiff on the head and wounding and injuring him as aforesaid; hence this suit." The two counts are a substantial duplicate of a count held good by our Supreme Court against an objection covering the objection here, that the count purports to set out the facts constituting the negligence complained of, both fails to make out a case of negligence. The decision demonstrates that the contention is untrue.—*Collier v. T. C. I. & R. R. Co.,* 155 Ala. 376, 46 South. 487. See, also, *Reiter-Connolly Mfg. Co. v. Hamlin,* 144 Ala. 199, 40 South. 280; *Republic Iron & Steel Co. v. Williams,* 168 Ala. 615, 53 South. 76.

Counts 4 and 5, after averring that plaintiff was injured in consequence of a piece of timber being negligently caused by said Bible to be pushed, dropped, or thrown from above and falling on plaintiff's head where he was at work below, concluded: "And plaintiff avers that his said injury and damage was the proximate consequence of the negligence of the said foreman, Bible, in the service or employment of defendant, who had superintendence intrusted to him, and whilst in the exercise of such superintendence; hence this suit." This allegation of negligence follows the language of the statute (subdivision 2 of section 3910 of the Code) upon which the action is predicated, and our Supreme Court, after thorough discussion of a similarly framed complaint, based on subdivision 3 of said section, but alike in the principles discussed to that here, upheld it against the attack of a demurrer substantially the same as that interposed to this complaint.—*Republic Iron & Steel Co. v. Williams,* 168 Ala. 615, 53 South. 76. See, also, *Collier v. T. C. I. & R. R. Co., supra,* and *Reiter-Connolly Mfg. Co. v. Hamlin, supra.*

Count 6 by express averments met the objection of the demurrer as to the point under discussion, for, after alleging that the plaintiff, an employee of defendant, was at work on the floor of the building under construction, by direction of Bible, the superintendent in charge, it avers "that said Bible, said foreman, whilst in the exercise of his superintendence, and at the time of the injury complained of, knew or had reason to believe that plaintiff was so at work on said floor, * * * [yet] negligently caused one of the timbers on the top of said depot, and immediately [20 feet] above the point where plaintiff was at work as aforesaid, to be cut off so that said timber fell from the top of said depot down to where plaintiff was at work, striking him on

the head [producing the injuries complained of] ; and plaintiff avers that the negligence of said Bible in causing said timber to be cut so that the same would fall from the top of said building onto plaintiff, as aforesaid, was the proximate cause of his injury." Count 8 is substantially the same as count 6 in these averments.

If Bible "knew or had reason to believe," as the count alleges, "that plaintiff was at work upon the floor of the building," it is to be inferred without the necessity of allegation that he knew of the danger that would result to a person in plaintiff's position from dropping down from a height of 20 feet directly above him a piece of timber. These two counts (6 and 8) undertook to state the particulars which constituted the negligence of Bible, and we think are not defective in the particulars asserted in the demurrers mentioned. They expressly state facts from which is to be necessarily inferred that Bible knew or had good cause to know that the safety of plaintiff would be endangered by having the timber above him sawed off and dropped down, hence are good counts, so far as these points are concerned, and otherwise so far as we have considered, even when tested by the authorities cited by appellant.— *Decatur Car Wheel Co. v. Mehaffey,* 128 Ala. 242, 29 South. 646; *So. Ry. Co. v. Goins,* 1 Ala. App. 370, 56 South. 253.

The other counts (2 and 7, 4 and 5), before discussed, declare upon the negligence of Bible in general terms, thereby relieving the necessity of alleging the knowledge on the part of Bible of the danger to plaintiff of the specific acts complained of, as pointed out in the cases cited, to wit:—*Collier v. T. C. I. & R. R. Co., supra; Republic Iron & Steel Co. v. Williams, supra.*

However, in establishing this negligence, it is as much essential under these counts to show that Bible knew, or had good reason to know, of plaintiff's danger as it is to show it under counts 6 and 8, where it is alleged.—*Reiter-Connolly Mfg. Co. v. Hamlin,* 144 Ala. 213, 40 South. 280; *M. & O. R. R. Co. v. George,* 94 Ala. 199, 10 South. 145.

The evidence for the plaintiff tended to show that he was an employee of the defendant at work with others of defendant's building or construction gang in erecting an addition to defendant's depot at Eutaw, Ala.; that one Bible, an employee of defendant, was foreman of the gang and had the general control and superintendence of the work and the direction of the workmen; that as such foreman or superintendent he put plaintiff at work in putting in bridging between the sleepers of the building at the place where plaintiff, while engaged in such work, was injured by a wooden block or piece of timber falling from above and striking him on the head; that during the time that plaintiff was so engaged, said foreman, Bible, sent a coemployee of plaintiff, one Tinnell, to the roof of the building immediately above where plaintiff was at work, directing him, without the knowledge of plaintiff of such direction and without warning to plaintiff that blocks sawed off up there would probably be falling around him, specifically, among other things, to saw off at that place some two by four scantlings, which had been previously cut upon the ground and carried up there, but found to be too long, and from them frame and fit in at that place a ventilator between the old roof left on the building and the new roof that had been erected above it; that this place was over where plaintiff was at work at said Bible's direction; that he did not know of Tinnell's presence there immediately above him, or of the

orders given him (Tinnell) by said Bible to saw off
said scantlings; that he (plaintiff) was on his knees
bent over engaged in the work in bridging the sleepers
that he had been directed by Bible to do; that on ac-
count of the hammering and sawing of the workmen
on the floor around him he did not hear any sawing
above him and did not notice any sawdust falling; that
he saw no chips or blocks falling (and it nowhere ap-
pears from the evidence that any chips or blocks had
fallen until the one that struck plaintiff on the head);
that Tinnell sawed off one of these scantlings, and that
the block therefrom in falling to the floor struck plain-
tiff on the head, inflicting the injuries complained of.
If the jury believed these facts, which the evidence for
plaintiff tended to establish, though disputed in mate-
rial particulars by defendant's evidence, we are of opin-
ion that the plaintiff was entitled to recover on either
count of the complaint, each of which was so framed
as to admit of the proof detailed.

It is well settled that the affirmative charge should
never be given where there is a material conflict in the
evidence, or where there is evidence affording inferences
adverse to the right of the party requesting the charge.
—*McCormack Harvesting Co. v. Lowe,* 151 Ala. 313,
44 South. 47.

Appellant's counsel in brief contend: "It appears
from the evidence that there was nothing to keep plain-
tiff from knowing that Tinnell was at work above him,
and, if there was any danger in working at the place
where plaintiff was injured, it was open to the obser-
vation of any person of common, ordinary intelligence.
When plaintiff continued to work at the point under the
conditions as shown by the evidence in this case, he
took the chances of the sawdust, chips, and the block
falling on him from the work which was being done

[Alabama Great Southern Railway Company v. Neal.]

above."—citing *Davis v. Western Ry. Co.,* 107 Ala. 626, 18 South. 173; *Decatur Car Wheel Co. v. Mehaffey,* 128 Ala. 242, 29 South. 646; *So. Ry. Co. v. Goins,* 1 Ala. App. 370, 56 South. 253; *Robertson v. T. C. I. & R. R. Co.,* 174 Ala. 589, 56 South. 710; *L. & N. R. R. Co. v. Sharp,* 171 Ala. 212, 55 South. 139. We are not of opinion that any one of these cases supports appellant's contention under the facts of this case.

The place where plaintiff took his position to work under the foreman Bible's direction, and where he was so working at the time of the injury, was a safe place to work at the time he was placed there. It became subsequently unsafe, not as the result of any inherent danger obvious to plaintiff or which he was called upon to anticipate, but as the result of a new condition, of the foreman Bible's own making, brought about by sending another employee, · Tinnell, above to engage in work greatly dangerous to plaintiff below, without any warning to plaintiff thereof or any knowledge on the part of plaintiff that Tinnell was above him engaged in such work. It is true, as contended, that there was nothing to have prevented plaintiff from seeing Tinnell at work above him, if he had looked up; yet, even if plaintiff had looked up and seen Tinnell, this itself would not have apprised him of the danger of his position without a knowledge of the character of work in which Tinnell was engaged. We are not of opinion that it was the duty of plaintiff, under the circumstances of this case, to ascertain if Tinnell was above ·him and the character of work in which Tinnell was engaged, but that he has a right to presume, in the absence of any knowledge to the contrary, that Bible, who had directed plaintiff to this place to work, which was then safe, would not subsequently render that place unsafe, by sending a man above plaintiff to saw off pieces of tim-

ber, without warning plaintiff either of the danger or of the existence of the newly created condition from which the danger would be obvious to an ordinary man situated as plaintiff was. As to dangers which plaintiff was not bound to anticipate and of whose existence he had no knowledge, he took no risk and assumed no duty of taking care, nor was he guilty of contributory negligence in not discovering such dangers.—*Reiter-Connolly Mfg. Co. v. Hamlin,* 144 Ala. 214, 40 South. 280, and authorities there cited.

Of course, if he knew of Tinnell's presence above him and of the character of work in which he was engaged, the matter would be different. As to whether he did or not, where as here the evidence is in dispute, is a question for the jury; and we discover no error on the part of the court in submitting the case to them, or in its rulings on the plaintiff's demurrers to defendant's pleas of contributory negligence.

The court did not err in refusing charge numbered 15. Bible himself, as a witness for defendant, admitted that he gave Tinnell the order to do the very work and saw off the particular scantlings, which the proof shows Tinnell was engaged in doing and sawing off, at the time plaintiff was injured by the falling block. Tinnell also testified that the particular order was given. We are of opinion that the order was a special, as distinguished from a general, order, and that the cases cited by appellant's counsel are therefore not applicable.

What we have already said in discussing the merits of the case sufficiently indicates, without the necessity of further observations, that we are of opinion that the court did not err in refusing any of the charges numbered 1, 3, 4, 5, 6, 7, 9, 17, 18, 19, 21, 22, and 26, all of which would have invaded the province of the jury, who were, from the conflicting evidence and its infer-

ences, to determine the facts under the issues in the case.

The question propounded by defendant's counsel to the plaintiff as a witness on the stand, objections to which were sustained by the court, which action of his is made the basis of the sixteenth ground of the assignment of errors here, was as follows: "If you had noticed, I will ask you if you could not have seen these things fall, the chips, sawdust, etc., while you were there at work." The witness had already stated that there was nothing to keep him from seeing these things fall, if they had been falling, and the question was unfair to the witness. It assumes as a fact something which had not been proved; that is, that chips, sawdust, etc., were falling around or near the plaintiff before the block fell that hit him on the head. Plaintiff, as said, had testified that he had seen nothing falling, and no other witness had testified that anything was falling or had fallen around plaintiff before that block fell that hit him on the head. For aught that had appeared in evidence, the sawed-off block was the first thing that fell where plaintiff was. Of course, it is a matter of common knowledge that the sawing off of this block would have necessarily produced sawdust; but it is not a matter of common knowledge that that sawdust would have fallen directly to the floor, a considerable distance beneath. On the contrary, we know that a slight breeze, which is always probable, could have overcome the force of gravity and sent the falling sawdust elsewhere than immediately beneath the place of sawing; and we further know, as a matter of common knowledge, that chips do not result from sawing. The court will not be put in error for declining to permit a question which assumes as a fact something which has not been proved. See, also, *E. T. V. & G. R. R. Co.*

*v. Watson,* 90 Ala. 44, 7 South. 813; *Decatur Car Wheel Co. v. Mehaffey,* 128 Ala.255, 29 South. 646. These considerations also dispose of the fifteenth assignment of error, predicated upon the action of the court in sustaining an objection to a similar question to that quoted.

The carpenter, Tinnell, as a witness for defendant, was asked this questoon, to which objection was sustained, to wit: "Would a block the size of that, falling the distance it fell, be like to knock him [meaning plaintiff] down?" The size of the block having been proved, as well as the distance it fell before striking plaintiff, the jury were as competent to form an opinion as to the probable consequences in the particular mentioned (if these be matters of common knowledge) as was the witness, and the evidence was therefore inadmissible. If these be not matters of common knowledge, the evidence was still inadmissible, because the witness was not shown to have any special knowledge rendering him capable of giving an expert opinion on the subject.—*Ala. Min. R. R. Co. v. Jones,* 114 Ala. 519, 21 South. 507, 62 Am. St. Rep. 121; *Decatur Car Wheel Co. v. Mehaffey,* 128 Ala. 255, 29 South. 646. Besides, the question was misleading.

We have disposed, adversely to appellant, of all the assignments of error insisted upon in brief, and the judgment of the lower court is affirmed.

Affirmed.